CANE TASK FORCE, Appellee,

v.

NAHUM, Appellant.

[Cite as *Cane Task Force v. Nahum*, 159 Ohio App.3d 579, 2005-Ohio-300.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 20400.

Decided Jan. 28, 2005.

Laura G. Mariani, for appellee.

George A. Katchmer, for appellant.

BROGAN, Presiding Judge.

{¶ 1} Joseph Victor Nahum appeals from the trial court's decision and entry ordering the forfeiture of his automobile following his conviction on two counts of cocaine trafficking.

{¶ 2} In his sole assignment of error, Nahum contends the trial court's order must be reversed because the forfeiture statute at issue is void for vagueness due to internal inconsistencies.

{¶ 3} Nahum was arrested and charged with several drug offenses. He was driving a 1993 GMC Sierra at the time of his arrest, and the state filed a petition for forfeiture of the vehicle. Nahum ultimately pleaded guilty to two counts of cocaine trafficking. A magistrate overruled Nahum's motion to dismiss the state's forfeiture petition and entered an order of forfeiture. Over objections by Nahum, the trial court subsequently approved the magistrate's decision. This timely appeal followed.

{¶ 4} In his assignment of error, Nahum cites a section of the forfeiture statute, R.C. 2933.43(C), and contends that two portions of that section are internally inconsistent and, therefore, void for vagueness.

{¶ 5} In order to put Nahum's argument in context, we look first to the preceding section, R.C. 2933.42. Division (A) of that section states: "No person shall possess, conceal, transport, receive, purchase, sell, lease, rent, or otherwise transfer any contraband." Division (B) then provides: "For purposes of section 2933.43 of the Revised Code, if a * * * motor vehicle * * * is used in a violation of division (A) of this section, the * * * motor vehicle * * * is contraband and, if the underlying offense involved in the violation of division (A) of this section is a felony, is subject to seizure and forfeiture pursuant to section 2933.43 of the Revised Code. It is rebuttably presumed that a * * * motor vehicle * * * in or on which contraband is found at the time of the seizure has been, is being, or is intended to be used in a violation of division (A) of this section."

{¶ 6} Although the parties have not provided us with any of the facts underlying the present case, we infer from the context of the action that Nahum either possessed, concealed, transported, sold, or transferred cocaine in or from his GMC Sierra. A controlled substance such as cocaine is contraband. *State v. Casalicchio* (1991), 58 Ohio St.3d 178, 179, 569 N.E.2d 916. In addition, Nahum's drug-trafficking offenses are felonies. Id. at 180, 569 N.E.2d 916. Because cocaine constitutes contraband involving a felony, and because Nahum's GMC Sierra somehow facilitated the offense, the vehicle qualified as contraband under R.C. 2933.42. Id. As a result, it was subject to forfeiture under R.C. 2933.43(C), the section addressed by Nahum in this appeal.

{¶ 7} The first portion of R.C. 2933.43(C) challenged by Nahum reads as follows:

{¶ 8} "When a hearing is conducted under this section, property shall be forfeited upon a showing, by a preponderance of the evidence, by the petitioner that the person from which the property was seized was in violation of division (A) of section 2933.42 of the Revised Code. If that showing is made, the court shall issue an order of forfeiture."

{¶ 9} The second portion of R.C. 2933.43(C) challenged by Nahum reads:

{¶ 10} "No property shall be forfeited pursuant to this division if the owner of the property establishes, by a preponderance of the evidence, that the owner neither knew, nor should have known after a reasonable inquiry, that the property was used, or was likely to be used, in a crime or administrative violation."

{¶ 11} Nahum argues that the foregoing two portions of R.C. 2933.43(C) are in irreconcilable conflict, rendering them void for vagueness. Specifically, he notes

that under the first portion of the statute, a vehicle is subject to forfeiture if the person from whom it was seized was in violation of R.C. 2933.42(A), which prohibits the possession, concealment, transportation, sale, or transfer of contraband. Nahum stresses that R.C. 2933.42(A) imposes these prohibitions without mentioning a culpable mental state. Thus, he appears to reason that if a vehicle is used in the course of a drug offense, it is automatically subject to forfeiture under the first portion of R.C. 2933.43(C).

{¶ 12} Nahum then notes that the second portion of R.C. 2933.43(C) purports to provide a defense if a vehicle owner establishes that he neither knew, nor should have known after a reasonable inquiry, that the vehicle was used, or was likely to be used, in a crime. Nahum argues that this second part of the statute directly conflicts with the first part, which appears to provide for automatic forfeiture whenever a vehicle is involved in an offense such as drug trafficking. Thus, he argues that R.C. 2933.43(C) is impossible to understand or to apply.

{¶ 13} In opposition to Nahum's argument, the state insists that the two portions of R.C. 2933.43(C) apply to different people. The state stresses that under the first portion, a vehicle is subject to forfeiture if "the person from which [it] was seized" was in violation of R.C. 2933.42(A). The state then notes that the so-called innocent-owner defense in the second part applies to "the owner" of the vehicle. Based on its belief that the two portions of the statute apply to different people, the state argues that it is not inconsistent. The state also refers us to *Casalicchio*, supra, 58 Ohio St.3d at 180, 569 N.E.2d 916, in which the Ohio Supreme Court concluded that "neither R.C. 2933.42 nor 2933.43 is void for vagueness."

 {¶ 14} Upon review, we reject Nahum's argument that R.C. 2933.43(C) is void for vagueness but not for the reasons advanced by the state. To establish that a statute is unconstitutionally vague, the challenging party must show that it is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all. *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224.

{¶ 15} In the present case, we first reject the state's reliance on the language in *Casalicchio* declaring that R.C. 2933.43 is not void for vagueness. A review of the Ohio Supreme Court's opinion reveals that it was not addressing the same vagueness argument that Nahum asserts herein.

{¶ 16} We also reject the state's argument that the two portions of R.C. 2933.43(C) discussed above do not conflict because they refer to different people. It is true that the first portion of the statute refers to "the person from which [the vehicle] was seized," whereas the second portion refers to "the owner" of the

vehicle. In some cases, those may be different people. For example, when a drug dealer is apprehended while driving a friend's car, the person from whom the vehicle was seized is not the same as the owner of the vehicle. In other cases, apparently including the one now before us, the person from whom the vehicle was seized and the owner of the vehicle may be the same person.[1] Thus, the distinction drawn by the state is unpersuasive in Nahum's case.

{¶ 17} We nevertheless hold that R.C. 2933.43(C) is not void for vagueness, even when, as in the present case, the person from whom the vehicle was seized is also the owner of the vehicle. In such a case, the two portions of the statute discussed above are mutually exclusive and, therefore, will not create an irreconcilable conflict for a person facing forfeiture. This is so because forfeiture of contraband such as Nahum's vehicle pursuant to R.C. 2933.43(C) "requires a conviction for a felony prior to forfeiture." *Casalicchio*, supra, 58 Ohio St.3d at 182, 569 N.E.2d 916. In order to obtain a conviction on an underlying offense such as drug trafficking, the state obviously must prove a defendant's participation in that offense. In such a case, a convicted defendant who is the person from whom the vehicle was seized and who also is the owner of the vehicle could never use the innocent-owner defense provided by the second portion of R.C. 2933.43(C), as it requires an owner to establish that he neither knew, nor should have known after a reasonable inquiry, that his vehicle was used, or was likely to be used, in a crime. Thus, when the person from whom a vehicle is seized under the forfeiture statute is also the owner of the vehicle, the two portions of R.C. 2933.43(C) discussed above do not create an irreconcilable conflict.[2] If the first portion applies, the innocent-owner defense in the second portion will not apply. Accordingly, we overrule Nahum's assignment of error and affirm the judgment of the Montgomery County Common Pleas Court.

Judgment affirmed.

WOLFF and GRADY, JJ., concur.

---

1. The forfeiture petition identifies Nahum, the person from whom the GMC Sierra was seized, as the owner of the vehicle. Nothing in the record before us indicates otherwise.

2. Obviously, when the person from whom the vehicle was seized is not the vehicle's owner, there also would be no irreconcilable conflict. In that case, the second portion of R.C. 2933.43(C) discussed herein would have no applicability to the person from whom the vehicle was seized because it provides a potential defense for the owner.