OPINION
{¶ 1} Defendant, Eric Bailey, appeals from his conviction and sentence for possession of crack cocaine.
 {¶ 2} On December 5, 2006, at 9:40 p.m., Dayton police officers observed Defendant loitering in front of Nathan's Market at 3219 Delphos Avenue, which is a location known for *Page 2 
high crime and drug activity. Officer Barnes and Officer George pulled up in a marked cruiser, intending to talk to Defendant to investigate what he was doing. As soon as Officer George opened the door of the cruiser, Defendant ran around the market and fled down an alley.
 {¶ 3} Officer George chased Defendant, shouting "stop," but Defendant continued to run. Defendant fell to the ground when he tried to climb a fence behind a house at 121 Huron Avenue. Defendant got up and continued to run, but stopped and surrendered when he encountered a second privacy fence.
 {¶ 4} After Defendant was handcuffed and placed in Officer Barnes' cruiser, Officer George and Officer House, who had arrived on the scene in response to Officer Barnes' radio broadcast reporting the pursuit, retraced the path Defendant took when he fled, searching for drugs and weapons. Officers found a plastic baggie containing 4.11 grams of crack cocaine on the ground at the spot where Defendant fell. Defendant was then arrested for possession of illegal drugs.
 {¶ 5} Defendant was indicted on one count of possessing crack cocaine, between one and five grams, in violation of R.C. 2925.11(A). Defendant filed a motion to suppress the evidence police found. The trial court held an evidentiary hearing in conjunction with a bench trial. The trial court *Page 3 
overruled Defendant's motion to suppress the evidence and found Defendant guilty as charged. Defendant was sentenced to five years of community control sanctions. Defendant appealed to this court.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE VERDICT AGAINST THE DEFENDANT-APPELLANT WAS NOT SUPPORTED BY THE SUFFICIENCY OF THE EVIDENCE."
SECOND ASSIGNMENT OF ERROR
 {¶ 7} "EVEN ASSUMING THAT THE EVIDENCE WAS SUFFICIENT, THEN THE VERDICT AGAINST THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 {¶ 9} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of *Page 4 
fact could have found the essential elements of the crime proven beyond a reasonable doubt."
 {¶ 10} A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. State v. Hufnagle (Sept. 6, 1996), Montgomery App. No. 15563. The proper test to apply to that inquiry is the one set forth in State v. Martin (1983),20 Ohio App.3d 172, 175:
 {¶ 11} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Accord: State v.Thompkins, supra.
 {¶ 12} Defendant argues that his conviction is not supported by legally sufficient evidence and is against the manifest weight of the evidence because the evidence presented at trial fails to demonstrate that he knowingly possessed the crack cocaine police found.
 {¶ 13} To prove the violation of R.C. 2925.11(A) charged, the State was required to prove beyond a reasonable doubt that Defendant knowingly possessed the plastic baggie that police found containing 4.11 grams of crack cocaine. "Knowingly" is *Page 5 
defined in R.C. 2901.22(B):
 {¶ 14} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 15} In State v. Weber (March 24, 2000), Montgomery App. No. 17800, unreported, this court stated:
 {¶ 16} "`[P]ossession' is defined as having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found. R.C. 2925.01(K). Possession may be actual or constructive. State v. Butler (1989), 42 Ohio St.3d 174, 175,538 N.E.2d 98. Constructive possession is shown when an individual can exercise dominion or control over the object, whether or not it is within his immediate physical possession. State v. Wolery (1976),46 Ohio St.2d 316, 348 N.E.2d 351, certiorari denied (1976), 429 U.S. 932."
 {¶ 17} Defendant correctly observes that Officer George did not testify that he observed Defendant drop or throw anything to the ground. Moreover, no drugs or paraphernalia were found on his person when Defendant was apprehended. However, there *Page 6 
was evidence that Defendant ran from the police for no apparent reason when they approached him in a high crime/high drug activity area, and that during his flight Defendant fell to the ground while trying to climb over a fence. Defendant then got up and continued running, only to stop and surrender a short time later. Officer George testified that he never lost sight of Defendant.
 {¶ 18} After Defendant was apprehended, officers found a plastic baggie containing 4.11 grams of crack cocaine at the spot where Defendant fell to the ground during the chase. The baggie had no debris around it. Though it was thirty-two degrees outside, there was no moisture or frost on the baggie and it was still at room temperature, indicating that it had not been there long. Finally, no one else was around, and the path Defendant took while fleeing was not well traveled.
 {¶ 19} Circumstantial evidence and direct evidence possess the same probative value, Jenks, and from this evidence the trier of facts could reasonably infer that Defendant knowingly possessed the baggie of crack cocaine police found on the ground at the spot where Defendant fell. Viewing this evidence in a light most favorable to the State, as we must, we conclude that a rational trier of facts could find all of the essential elements of possession of crack cocaine proven *Page 7 
beyond a reasonable doubt. Defendant's conviction is supported by legally sufficient evidence.
 {¶ 20} In arguing that his conviction is against the manifest weigh of the evidence, Defendant claims that the trial court lost its way when it found that he knowingly possessed the crack cocaine because the baggie of crack cocaine was not his, no one saw him throw it to the ground, it was not found on his person, and anyone could have left it where it was found.
 {¶ 21} From the combination of direct and circumstantial evidence in this case, the trier of facts could reasonably infer that Defendant knowingly possessed the plastic baggie of crack cocaine police found at the spot where Defendant fell to the ground. It would be more speculative than logical to conclude that someone else had abandoned that baggie of crack cocaine at the exact spot in the backyard of a residence where Defendant was unlucky enough to fall while fleeing from the police. State v. Brown, Cuyahoga App. No. 87932, 2007-Ohio-527. The trial court did not lose its way in choosing to believe the State's version of these events rather than Defendant's version, which it had a right to do. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 22} Reviewing the record as a whole, we cannot say that *Page 8 
the evidence weighs heavily against a conviction, that the trial court lost its way in choosing to believe the State's witnesses, or that a manifest miscarriage of justice occurred. Defendant's conviction for possession of crack cocaine is not against the manifest weight of the evidence.
 {¶ 23} Defendant's first and second assignments of error are overruled.
THIRD ASSIGNMENT OF ERROR
 {¶ 24} "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS BECAUSE THERE WAS NO REASONABLE AND (SIC) ARTICULATE SUSPICION TO STOP, DETAIN AND ARREST THE DEFENDANT-APPELLANT."
 {¶ 25} A defendant's unprovoked flight from police in an area of heavy narcotics trafficking gives officers reasonable suspicion that the defendant is involved in criminal activity, and justifies aTerry investigative stop. Illinois v. Wardlow; State v. Kimble (Jan. 5, 2001), Montgomery App. No. 18497; State v. Stafford, Montgomery App. No. 20230, 2004-Ohio-2200. However, until a police officer's attempt to effect the investigatory stop succeeds, no seizure has taken place, and therefore no Fourth Amendment review of the reasonableness of the officer's decision to intrude on the suspect's privacy is warranted.California v. Hodari D. *Page 9 
(1991), 499 U.S. 621, 111 St.Ct. 1547, 113 L.Ed.2d 690; State v.Stafford, supra. A command to Defendant to "stop," such as was given by police in this case, when not complied with is not a Fourth Amendment seizure, and flight is not submission. Id. Absent a voluntary or involuntary submission to a show of authority by police, there is no "seizure" and no Fourth Amendment issue. Id.
 {¶ 26} Defendant was seized for Fourth Amendment purposes when he stopped and surrendered to officers. Officers were justified in handcuffing Defendant in order to secure his detention, following his headlong flight. Their subsequent discovery of the baggie of crack cocaine at the spot where he fell created probable cause for Defendant's arrest.
 {¶ 27} Whether Defendant did, in fact, possess the baggie of crack cocaine was a question of fact that could not be determined without a trial of the general issue of his alleged guilt, and was therefore not a question that could be resolved on his motion to suppress evidence. Crim. R. 12(C). The motion to suppress nevertheless asserted a possessory interest in the baggie of crack cocaine, which is a necessary predicate to the Fourth Amendment violation the motion alleged. The court erred in failing to rule on Defendant's Crim. R. 12(C)(3) motion prior to trial. Crim. R. 12(F). Merging the two *Page 10 
proceedings probably resulted in confusing the issues they involved. However, Defendant's failure to object forfeits the error. State v.Payne, 114 Ohio St.3d 502, 2007-Ohio-4642.
 {¶ 28} On the evidence presented, the court reasonably could find that Defendant abandoned the baggie, relinquishing any possessory interest he had in it. An accused lacks standing to challenge the admissibility of property he voluntarily abandoned. State v. Freeman (1980),67 Ohio St.2d 291. The alleged abandonment was not rendered involuntary by the police pursuit, because the pursuit was lawful. State v. Matthews, Montgomery App No. 19120, 2002-Ohio-4970.
 {¶ 29} Defendant's third assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FROELICH, J., concur. *Page 1