[Cite as *State v. Wood*, 2011-Ohio-2314.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                      :           C.A. CASE NO. 2010 CA 42

v.                                               :           T.C. NO.    10CR32

DORIEN WOOD                                      :            (Criminal appeal from
                                                               Common Pleas Court)

    Defendant-Appellant              :

                                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____13th____ day of ____May____, 2011.

. . . . . . . . . .

ANDREW R. PICEK, Atty. Reg. No. 0082121, Assistant Prosecuting Attorney, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

AARON PAUL HARTLEY, Atty. Reg. No. 0083170, 209 Stroop Road, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Dorien Wood appeals his conviction and sentence for one count of possession of crack cocaine in an amount equal to or exceeding twenty-five grams, in violation of R.C. 2925.11(A), a felony of the first degree, and one count of tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree.

I

**{¶ 2}** At approximately 3:00 a.m. on the morning of December 31, 2009, Springfield Police Officer Keith A. Hopper received a report regarding a single-car accident near the 1100 block of Lagonda Avenue. Upon arriving at the scene of the accident, Officer Hopper observed four males standing next to a wrecked vehicle. Officer Hopper testified that as he parked his cruiser, one of the males, later identified as Wood, began to run from the vehicle. Officer Hopper exited his cruiser and ran after Wood. After chasing Wood for approximately two and a half blocks, Officer Hopper lost sight of him until he walked out from between two houses. Officer Hopper testified that he immediately approached Wood and placed him in handcuffs.

**{¶ 3}** At that point, Officer Thomas Selner arrived at the accident scene and joined Officer Hopper while he was taking Wood into custody. Officer Hopper instructed Officer Selner to investigate the area between the two houses from which Wood had recently emerged. Officer Hopper testified that it was common for suspects to drop contraband when they were trying to elude the police, and he believed that Wood may have left incriminating evidence in the area between the houses. Before investigating the area, Officer Selner studied the pattern on the bottom of Wood's shoe. Officer Selner testified that because there was fresh snow on the ground, he was able follow footprints that matched the distinctive pattern on Wood's shoe to the area between the houses. There, Officer Selner discovered a large, clear plastic bag containing a white, chunky substance which had been dropped very close to Wood's footprints. Officer Selner testified that there was no snow on top of the bag, which indicated that it had only been there for a short time. Based

on his experience, Officer Selner believed the substance to be crack cocaine. Upon analysis, the bag was found to contain 56.38 grams of crack cocaine.

{¶ 4} On January 11, 2010, Wood was indicted for one count of possession of crack cocaine and one count of tampering with evidence. At his arraignment on January 15, 2010, Wood pled not guilty to the charges in the indictment. A jury trial was held on March 16, 2010, after which the jury found Wood guilty of both counts in the indictment. The court subsequently sentenced Wood to eight years for possession of crack cocaine and three years for tampering with evidence. The court ordered the sentences to be served concurrent to one another, for an aggregate sentence of eight years. The court also suspended Wood's driver's license for five years.

{¶ 5} It is from this judgment that Wood now appeals.

II

{¶ 6} As they are interrelated, Wood's first and third assignments of error will be discussed together as follows:

{¶ 7} "THE RECORD CONTAINS INSUFFICIENT EVIDENCE TO SUPPORT APPELLANT'S CONVICTION FOR POSSESSION."

{¶ 8} "THE TRIAL COURT ERRED IN DENYING APPELLANT'S RULE 29 MOTION FOR ACQUITTAL."

{¶ 9} In his first assignment, Wood argues that the only evidence that he possessed the crack cocaine was that the plastic bag containing the contraband was found near his footprints between the two houses from which he emerged after the chase. Wood contends that this evidence was insufficient to support his conviction for possession of crack cocaine.

In his third assignment, Wood argues that the trial court erred when it overruled his Crim. R. 29 motion for acquittal made at the close of the State's case. Wood also asserts that the jury's verdict was against the manifest weight of the evidence.

{¶ 10} Crim. R. 29(A) states that a court shall order an entry of judgment of acquittal if the evidence is insufficient to sustain a conviction for the charged offense. "Reviewing the denial of a Crim. R. 29 motion therefore requires an appellate court to use the same standard as is used to review a sufficiency of the evidence claim." *State v. Witcher*, Lucas App. No. L-06-1039, 2007-Ohio-3960. "In reviewing a claim of insufficient evidence, '[t]he relevant inquiry is whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.' (Internal citations omitted)." *State v. Crowley*, Clark App. No. 2007 CA 99, 2008-Ohio-4636.

{¶ 11} A claim that a jury verdict is against the manifest weight of the evidence involves a different test. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. *State v. Black*, 181 Ohio App.3d 821, 836, 2009-Ohio-1629.

{¶ 12} The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass* (1967), 10 Ohio St.2d 230, 231.

"Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness." *State v. Lawson* (Aug. 22, 1997), Montgomery App. No. 16288.

{¶ 13} This court will not substitute its judgment for that of the trier of facts on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *State v. Bradley* (Oct. 24, 1997), Champaign App. No. 97-CA-03.

{¶ 14} In order To prove that Defendant was guilty of violating R.C. 2925.11(A), the State was required to prove, beyond a reasonable doubt, that Defendant knowingly possessed the crack cocaine.

{¶ 15} "Knowingly" is defined in R.C. 2901.22(B):

{¶ 16} "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶ 17} R.C. 2925.01(K), which is applicable to charges of drug possession, states:

{¶ 18} "'Possess' or 'possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

{¶ 19} Possession of a drug may be either actual physical possession or constructive possession. *State v. Butler* (1989), 42 Ohio St.3d 174. A person has constructive possession of an item when he is conscious of the presence of the object and able to exercise dominion and control over that item, even if it is not within his immediate physical possession. *State v. Hankerson* (1982), 70 Ohio St.2d 87; *State v. Wolery* (1976), 46 Ohio St.2d 316.

{¶ 20} Readily usable drugs found in very close proximity to a defendant may constitute circumstantial evidence sufficient to support a conclusion that he constructively possessed those drugs. *State v. Miller*, Montgomery App. No. 19174, 2002-Ohio-4197. In determining whether a defendant knowingly possessed a controlled substance, it is necessary to examine the totality of the facts and circumstances surrounding the incident. *State v. Teamer*, 82 Ohio St.3d 490, 492, 1998-Ohio-193; *State v. Pounds*, Montgomery App. No. 21257, 2006-Ohio-3040. Circumstantial evidence and direct evidence have the same probative value. *State v. Bailey*, Montgomery App. No. 22760, 2009-Ohio-2317.

{¶ 21} In support of his argument that the evidence was insufficient to prove that he constructively possessed the crack cocaine, Wood asserts that the only evidence linking him to the contraband was that it was found near his footprints between the two houses. Wood also points out that no fingerprints were found on the bag of crack cocaine.

{¶ 22} When police officers found a bag of crack cocaine where the defendant fell during a chase, we held that circumstantial evidence was sufficient to prove that the defendant constructively possessed the bag of cocaine. *State v. Bailey*, 2009-Ohio-2317. In *Bailey*, we noted that although the outside temperature was thirty-two degrees, there was no moisture or frost on the bag and it was still at room temperature, indicating that it had not

been there long. Id. We also noted that no one else was in the immediate vicinity where the bag was found, nor was the path that the defendant took well-traveled. Id.

{¶ 23} In the instant case, after Wood emerged from between the two houses, Officer Selner discovered a large plastic bag containing 56.38 grams of crack cocaine approximately one foot away from the area where Wood's footprints were located. Officer Selner recognized the footprints as apparently belonging to Wood as they had the same distinctive pattern that was on the bottom of Wood's shoes. Moreover, Officer Selner testified that it had been snowing heavily but the bag of crack cocaine was lying on top of the snow, indicating that it had been there only for short time. Lastly, the area between the two houses from where Wood emerged and where the bag of cocaine was found was not a particularly well-traveled area, nor was there anyone else present besides the two police officers and Wood. Viewed in light most favorable to the State, we conclude that there was sufficient circumstantial evidence to establish beyond a reasonable doubt that Wood constructively possessed the bag of crack cocaine discovered by Officer Selner. In light of our holding in this regard, the trial court did not err when it overruled Wood's Crim. R. 29(A) motion for acquittal made at the close of the State's case as the evidence presented was sufficient to support his conviction.

{¶ 24} Lastly, Wood's conviction is also not against the manifest weight of the evidence. The credibility of the witnesses and the weight to be given their testimony are matters for the jury to resolve. Wood presented no evidence, but rather chose to rely on his counsel's cross-examination of the State's witnesses. The fact that there were minor discrepancies between Officer Hooper and Officer Selner's testimony regarding whether the

snow was patchy in some places or whether Officer Hopper had a flashlight when he chased Wood does not require reversal of Wood's conviction. The jury did not lose its way simply because it chose to believe the State's witnesses, namely Officers Hopper and Selner. Having reviewed the entire record, we cannot clearly find that the evidence weighs heavily against a conviction, or that a manifest miscarriage of justice has occurred.

{¶ 25} Wood's first and third assignments of error are overruled.

III

{¶ 26} Wood's second and final assignment of error is as follows:

{¶ 27} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT INSTRUCTED THE JURY REGARDING FLIGHT TENDING TO INDICATE A CONSCIOUSNESS OF GUILT."

{¶ 28} In his second assignment, Wood argues that the trial court abused its discretion when it instructed the jury regarding his flight from police tending to indicate a consciousness of guilt because he was in no way responsible for the car accident to which the police were responding. Specifically, Wood points out that his involvement was limited to his mere presence in the vehicle when the driver ran off the road and wrecked the vehicle.

{¶ 29} Initially, we note that the record indicates that Wood's counsel failed to object to the trial court's jury instruction regarding consciousness of guilt. Failure to object waives all but plain error. *McBride v. Quebe*, Montgomery App. No. 21310, 2006-Ohio-5128. Plain error exists "if the trial outcome would clearly have been different, absent the alleged error in the trial court proceedings." *State v. Rollins*, Clark App. No. 2005-CA-10, 2006-Ohio-5399. "[T]o successfully prevail under plain error the substantial

rights of the accused must be so adversely affected that the error undermines the 'fairness of the guilt determining process.'" *State v. Ohl* (Nov. 27, 1991), Ashland App. No. CA-976.

{¶ 30} In *State v. Stevens* (April 3, 1998), Montgomery App. No. 16509, we noted that it has been "universally conceded that the fact of accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus of guilt itself." (Citations omitted.) Evidence of flight to support an inference of guilt should generally be limited to situations when the activities associated with flight occur at a time and place near the criminal activity for which the defendant is on trial. *State v. Frock*, Clark App. No. 2004 CA 76, 2006-Ohio-1254.

{¶ 31} The trial court gave the following instruction to the jury:

{¶ 32} "The Court: Testimony has been admitted indicating that the Defendant fled from the officer. You are instructed that flight from the officer alone does not raise presumption of guilt, but it may tend to indicate the defendant's consciousness of guilt. If you find that the facts do not support that the Defendant fled from the officer or if you find that some other motive prompted the Defendant's conduct or if you are unable to decide what the Defendant's motivation was, then you should not consider this evidence for any purpose. However, if you find that the facts support that the Defendant engaged in such conduct and if you decide that the Defendant was motivated by a consciousness of guilt, you may, but are not required to, consider that evidence in deciding whether the Defendant is guilty of the crimes charged. You alone will decide what weight, if any, to give this evidence."

{¶ 33} After a thorough review of the record, we conclude that the trial court did not err when it instructed the jury regarding Wood's flight from the scene of the accident as indicating a consciousness of guilt. The evidence established that Wood fled from the scene as soon as Officer Hopper arrived in his cruiser. Wood's flight was contemporaneous with his commission of the crime of possession of crack cocaine. In our view, the court was entitled to instruct the jury that Wood's flight from police was to avoid prosecution for possession, and that it tended to show consciousness of guilt. The fact that Wood was not the driver of the wrecked vehicle is immaterial to our analysis. It is only significant that the evidence established that Wood ran from Officer Hopper and was later found to be in constructive possession of a large amount of crack cocaine. Thus, the instruction on consciousness of guilt was proper, and the trial court did not err, plainly or otherwise, by instructing the jury regarding Wood's flight from the scene of the accident.

{¶ 34} Wood's second assignment of error is overruled.

IV

{¶ 35} All of Wood's assignments of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Andrew R. Picek
Aaron Paul Hartley
Hon. Richard J. O'Neill