[Cite as *State v. Hammock*, 2012-Ohio-419.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 24664 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-1398 |
| v. | : | |
| | : | |
| CAROLYN A. HAMMOCK | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

. . . . . . . . . .

Rendered on the _____3rd_____ day of _____February_____, 2012.

. . . . . . . . . .

MATHIAS H. HECK, JR., Atty. Reg. #0079994, by MELISSA M. REPLOGLE, Atty. Reg. #0084215, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CHRISTOPHER B. EPLEY, Atty. Reg. #0070981, Christopher B. Epley Co., LPA, 124 East Third Street, Suite 300, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} Carolyn A. Hammock appeals from her conviction and sentence on one count of harassment with a bodily substance in violation of R.C. 2921.38(B).

{¶ 2}   Hammock advances three assignments of error on appeal. First, she contends the trial court erred in declining to find R.C. 2921.38(B) unconstitutionally vague as applied to her. Second, she challenges the legal sufficiency of the evidence to support her conviction. Third, she claims her conviction is against the manifest weight of the evidence.

{¶ 3}   At Hammock's trial, three police officers testified that she spit in officer Cynthia Drerup's face during a dispute over a traffic stop of the defendant's brother's vehicle in the vicinity of the bar where the defendant had been drinking.  Hammock testified in her own defense and denied spitting. She also presented testimony from her husband, her brother, and her brother's girlfriend, each of whom testified that she did not spit. A jury nevertheless found her guilty of harassment with a bodily substance, a fifth-degree felony. The trial court imposed a community control sanction that included an aggregate of ninety days in jail to be served in three thirty-day increments. The trial court stayed the jail term pending this appeal.

{¶ 4}   Hammock's first assignment of error challenges the constitutionality of R.C. 2921.38(B), which provides: "No person, with intent to harass, annoy, threaten, or alarm a law enforcement officer, shall cause or attempt to cause the law enforcement officer to come into contact with blood, semen, urine, feces, or another bodily substance by throwing the bodily substance at the law enforcement officer, by expelling the bodily substance upon the law enforcement officer, or in any other manner."

{¶ 5}  Hammock  argued  below,  and  contends  on  appeal,  that  the  statute  is unconstitutionally vague as applied. Specifically, she challenges her conviction for harassing a police officer with "another bodily substance," i.e., saliva. Hammock reasons that the word "another" in the statute implies *one other*, as opposed to *any other*, bodily substance. She

criticizes the statute for failing to identify which other bodily substance (in addition to blood, semen, urine, and feces) it covers. Because R.C. 2921.38(B) forces her to guess whether the other bodily substance it covers is saliva, Hammock contends the statute is unconstitutionally vague as applied to her.

{¶ 6} Upon review, we are unpersuaded by Hammock's argument. "To establish that a statute is unconstitutionally vague, the challenging party must show that it is vague not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Cane Task Force v. Nahum*, 159 Ohio App.3d 579, 2005-Ohio-300, ¶14, citing *State v. Anderson* (1991), 57 Ohio St.3d 168, 171. "In other words, the challenger must show that upon examining the statute, an individual of ordinary intelligence would not understand what he is required to do under the law." *Anderson*, at 171.

{¶ 7} As set forth above, Hammock's vagueness argument rests on her belief that R.C. 2921.38(B) applies to blood, semen, urine, feces, and just one other unidentified bodily substance. This interpretation of the statute is neither reasonable nor required. The word "another" can mean "one more in addition." See Merriam-Webster's Learner's Dictionary at http://www.learnersdictionary.com/search/another[1]. But it also can mean "some other," "any other," or "any of various alternatives." Id.; see also Wordswarm Dictionary at http://www.wordswarm.net/dictionary/another.html#web1828, citing Webster's 1828 Dictionary and Wordnet (r) 3.0 (2005). We believe the latter, indefinite use of the word "another" was intended in R.C. 2921.38(B).

{¶ 8} A review of the Revised Code reveals that the General Assembly frequently uses

the word "another" to mean "any other." For example, the burglary statute, R.C. 2911.12, prohibits trespassing in an occupied structure when "another person" is present. The menacing statute, R.C. 2903.211(A)(1), prohibits causing "another person" to believe the offender will cause physical harm. A third statute, R.C. 2950.01(A)(11), defines a "sexually oriented offense" to include certain violations of the law of "another state or the United States." The General Assembly plainly did not intend the burglary and menacing statutes to protect only one unidentified victim. Nor could it seriously be argued that a "sexually oriented offense" includes crimes committed in violation of federal law or the law of just one unidentified state. In each of these examples, the legislature used the word "another" indefinitely to mean "any other."

{¶ 9}   Similarly, R.C. 2921.38(B) prohibits harassing a police officer with blood, semen, urine, feces, or "another bodily substance." Based on our review of the statute, we do not believe the General Assembly used the word "another" to mean "one more." We see no reason why the legislature would identify four specific substances and then add one more without naming it. A more reasonable reading of R.C. 2921.38(B) is that the legislature used the word "another" indefinitely, as a catch-all, to mean "any other." When read this way, the statute is not vague. The first assignment of error is overruled.

{¶ 10} Hammock's remaining two assignments of error challenge the legal sufficiency and manifest weight of the evidence to support her conviction. With regard to sufficiency, she asserts that the evidence presented at trial "was not sufficient to show that [she] intentionally harassed, annoyed, threatened, or alarmed the law enforcement officer with a bodily substance." Hammock claims she merely "screamed profanities" while police tried to subdue her. With regard to manifest weight, Hammock essentially argues that the testimony of the defense

witnesses was more credible than the testimony of the police officers.

{¶ 11} When a defendant challenges the sufficiency of the evidence, the defendant is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn* (2000), 138 Ohio App.3d 449, 471. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.

{¶ 12} Our analysis is different when reviewing a manifest-weight argument. When a conviction is challenged on appeal as being against the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." *State v. Martin* (1983), 20 Ohio App.3d 172, 175.

{¶ 13} With the foregoing standards in mind, we conclude that Hammock's conviction is supported by legally sufficient evidence and is not against the manifest weight of the evidence.

The State presented sufficient evidence to support a finding that Hammock, acting with intent to harass or annoy officer Drerup, caused Drerup to come into contact with a bodily substance, saliva, by expelling it upon the officer. This finding is supported by the testimony of Drerup and two other officers who watched the spitting incident. (Trial transcript at 121, 133, 147).

{¶ 14} Hammock's conviction also is supported by the weight of the evidence. On this issue, her argument necessarily rests on witness credibility. We note, however, that credibility determinations "are primarily for the trier of fact." *State v. Goldwire*, Montgomery App. No. 19659, 2003-Ohio-6066, ¶13. "'Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.'" Id. at ¶14, quoting *State v. Lawson* (Aug. 22, 1997), Montgomery App. No. 16288. Here the jury acted within its discretion in crediting the testimony of the police officers. Accordingly, Hammock's second and third assignments of error are overruled.

{¶ 15} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

Mathias H. Heck
Melissa Replogle
Christopher B. Epley
Hon. Barbara P. Gorman