[Cite as *State v. Bowshier*, 2017-Ohio-4092.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CLARK COUNTY**


STATE OF OHIO                             :
                                          :
        *Plaintiff-Appellee*              :     Appellate Case No. 2016-CA-27
                                          :
v.                                        :     Trial Court Case No. 2015-CR-614
                                          :
JEFFREY BOWSHIER, JR.                     :     (Criminal Appeal from
                                          :     Common Pleas Court)
        *Defendant-Appellant*             :
                                          :


. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of June, 2017.

. . . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

ADAM J. ARNOLD, Atty. Reg. No. 0088791, 120 West Second Street, Suite 1502, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .


TUCKER, J.

**{¶ 1}** Defendant-appellant Jeffrey Bowshier, Jr. ("Bowshier") appeals from his conviction for having a weapon while under disability and improper handling of firearms in a motor vehicle. Bowshier contends that the evidence is not sufficient to sustain the conviction.

**{¶ 2}** We conclude that the State presented evidence sufficient to prove the elements of both offenses. Accordingly, the judgment of the trial court is affirmed.

## I. Facts and Procedural History

**{¶ 3}** On November 11, 2015, Springfield Police Department Officer McCarty was on patrol at approximately 5:50 a.m. when he was dispatched to investigate a call regarding a dark-colored vehicle sitting in an intersection with a driver who appeared to be asleep. The officer did not find any vehicle in the intersection. However, as he continued patrolling around that intersection, McCarty observed a dark vehicle that appeared to have run into a vehicle that was parked on a side street. McCarty informed dispatch and activated his overhead lights. At the same time, McCarty observed the vehicle back up, and then drive into an adjacent driveway.

**{¶ 4}** McCarty approached and engaged the driver, later identified as Bowshier. McCarty immediately noted the smell of alcohol, as well as the fact that Bowshier's speech was slurred. McCarty asked Bowshier to exit the vehicle. Bowshier opened the vehicle door but did not get out. At that point, McCarty was able to observe, in plain view, a handgun on the floor between Bowshier's feet. Backup arrived on the scene, and McCarty made several requests for Bowshier to exit the vehicle. Bowshier remained

non-compliant. The officers grabbed him by the wrists and attempted to pull him from the car. Bowshier began to resist and pull away from the officers. Bowshier was eventually wrested from the vehicle but kept struggling on the ground. It took the officers approximately three to four minutes to gain control and place handcuffs on Bowshier. A search of Bowshier's person revealed a pill in a pocket of his pants. Another identical pill was found on the ground where the officers had struggled with Bowshier. It was determined that the gun was loaded with six rounds of ammunition.

{¶ 5} Bowshier was placed under arrest. He was indicted on one count of having a weapon while under disability in violation of R.C. 2923.13(A)(2), one count of improper handling of firearms in a motor vehicle in violation of R.C. 2923.16(B), and one count of aggravated possession of drugs in violation of R.C. 2925.11(A).

{¶ 6} Prior to trial, the parties stipulated that Bowshier "has a prior conviction for Burglary a felony offense of violence in Clark County Common Pleas Court case no: 06-CR-1384." Dkt. No. 18. The parties also stipulated that the gun found in the instant case was operable. Following a trial to the court, Bowshier was convicted on all counts, and was sentenced to a term of 42 months in prison. Bowshier filed a timely appeal.

## II. The Record Contains Evidence Sufficient to Sustain the Convictions for Having a Weapon Under Disability and Improper Handling of a Firearm in a Motor Vehicle.

{¶ 7} Bowshier's sole assignment of error states:

THE TRIAL COURT ERRED WHEN IT FOUND THE DEFENDANT GUILTY, AS THE STATE FAILED TO PROVE EACH AND EVERY ELEMENT OF THE

OFFENSES

{¶ 8} Bowshier challenges the legal sufficiency of the evidence to support his conviction on the charges of having a weapon under disability and improper handling of firearms in a motor vehicle.

{¶ 9} "When a defendant challenges the sufficiency of the evidence, the defendant is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law." *State v. Hammock*, 2d Dist. Montgomery No. 24664, 2012-Ohio-419, ¶ 11. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.*, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492, (1991), paragraph two of the syllabus.

{¶ 10} Bowshier was convicted of having a weapon while under a disability as proscribed by R.C. 2923.13(A)(2). That statute states, in pertinent part:

Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * * [t]he person * * * has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶ 11} He was also convicted of violating R.C. 2923.16(B), which provides:

No person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle.

{¶ 12} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B).

{¶ 13} "In order to 'have' a firearm, one must either actually or constructively possess it." *State v. Ridley*, 10th Dist. Franklin No. 03AP-1204, 2005-Ohio-333, ¶ 18, quoting *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist. 1978). "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *Id.*, quoting *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976), *certiorari denied*, 429 U.S. 932, 97 S.Ct. 339, 50 L.Ed.2d 301 (1976).

{¶ 14} Bowshier cites *State v. Harris*, 8th Dist. Cuyahoga No. 88765, 2007-Ohio-3916, for the proposition that the mere fact that a gun is found near a person is, without more, insufficient to demonstrate the element of possession.[1] He further notes that no one saw him handle the firearm, no fingerprint evidence was found on the gun, he is not the owner of the car, and the owner permitted other people access to the vehicle. He

---

[1] We find *Harris* inapplicable. That case involved a weapon found in a vehicle occupied by two people. Further, the defendant, who was a passenger in the vehicle, remained nearby outside the vehicle and was cooperative with the police while an arrest of the driver and search of the vehicle were conducted. *Id.*, ¶ 5 and 14.

argues that the firearm could have been placed under the seat by someone else, and merely slid out from under the seat due to the force of the impact created when he collided with a parked vehicle. He also notes that there is no evidence that he made any furtive motions indicating that he was attempting to hide a weapon.

{¶ 15} We agree that the record in this case does not contain any direct evidence, such as fingerprints, that Bowshier had actual possession of the weapon. However, direct evidence is not required in order to find sufficient evidence to sustain a conviction. *State v. Lott*, 51 Ohio St.3d 160, 167, 555 N.E.2d 293 (1990). "Circumstantial evidence can be used to support a finding of constructive possession." *State v. Najeway*, 9th Dist. Summit No. 21264, 2003-Ohio-3154, ¶ 10. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph one of the syllabus.

{¶ 16} There is circumstantial evidence implicating Bowshier. Bowshier, who had borrowed the vehicle from the owner in order to go to a gas station to buy cigarettes, was the sole occupant of the vehicle. The gun was clearly visible between Bowshier's feet. Bowshier's argument that the gun could have been dislodged from under the seat when he collided with a parked vehicle lacks credibility. Bowshier had been drinking alcohol and taking heroin and Ritalin prior to driving the vehicle. He did not remember hitting the parked car, however the evidence indicates that the collision did not have enough force to cause any damage other than the possible transfer of some paint onto the vehicle driven by Bowshier. The owner of the vehicle driven by Bowshier offered testimony that the paint could have been transferred in a previous parking lot incident. The owner did

testify that she permitted "a couple of people" to use the vehicle "to transport kids back and forth and to use for transport back and forth to work." Tr. p. 67. However, she denied owning a gun, and was unaware of anyone leaving a gun in the car. Bowshier failed to comply with police requests to exit the vehicle. When the officers physically removed him from the vehicle, Bowshier began to resist. See *State v. Wood*, 2d Dist. Clark No. 2010 CA 42, 2011-Ohio-2314, ¶ 30, ("the fact of an accused's flight, escape from custody, resistance to arrest, concealment, assumption of a false name, and related conduct are admissible as evidence of consciousness of guilt, and thus of guilt itself.").

{¶ 17} It is concluded, when viewing the evidence in a light most favorable to the State, that a rational trier of fact could find that Bowshier, albeit constructively, knowingly had a firearm while under a disability. It is also concluded, again when viewing the evidence in a light most favorable to the State, that a rational trier of fact could have found that Bowshier knowingly had a loaded firearm in a motor vehicle, and that the firearm was accessible to him without leaving the vehicle. Accordingly, Bowshier's sole assignment of error is overruled.

### III. Conclusion

{¶ 18} Bowshier's sole assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Megan M. Farley
Adam J. Arnold
Hon. Richard J. O'Neill