[Cite as *State v. Patton*, 2014-Ohio-3000.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2013-CA-41 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 12-CR-172 |
| v. | : | |
| | : | |
| JAMES E. PATTON, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 3rd day of July, 2014.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by STEPHANIE R. HAYDEN, Atty. Reg. #0082881, Greene County Prosecutor's Office, 61 Greene Street, Xenia, Ohio 45385
     Attorneys for Plaintiff-Appellee

MARCY A. VONDERWELL, Atty. Reg. #0078311, Finlay, Johnson & Beard Ltd., 260 North Detroit Street, Xenia, Ohio 45385
     Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.,

{¶ 1}     James E. Patton appeals from the trial court's denial of his motion for the return of seized property. In his sole assignment of error, he challenges the trial court ruling on the motion.

{¶ 2}     The record reflects that Patton entered a negotiated guilty plea to multiple

charges involving misuse of credit cards, theft, receiving stolen property, and passing bad checks. He received an agreed sixteen-month prison sentence and was ordered to pay restitution. Before and after sentencing, Patton filed motions for the return of seized property. The May 8, 2013 pre-sentence motion sought the return of numerous items identified in exhibit A thereto. (Doc. #221). The trial court verbally addressed the pre-sentence motion during Patton's June 14, 2013 sentencing hearing. The trial court found the motion not ripe, and held it abeyance, because (1) the time for Patton to appeal his convictions had not expired and (2) the property had potential evidentiary value in a Colorado case. (Sentencing Tr. at 17-19). No entry was filed confirming the trial court's deferral of the defendant's first motion. Nevertheless, on June 21, 2013 a similar post-sentence motion was filed which addressed only the return of unspecified "writings and legal materials" allegedly pertinent to a pending Colorado criminal case against Patton. (Doc. #242). Subsequently, on July 29, 2013 the trial court overruled the post-sentence motion for the "reasons stated in the State's response and good cause."(Doc. #246). The reasons stated in the State's response were that the appeal time for Patton's convictions had not run and that the property had potential evidentiary value in the Colorado case .(Doc.#243), the same reasons given by the court regarding the pre-sentence motion when it was addressed at sentencing. However, at the time of July 29th ruling, Patton's ordinary time to appeal his conviction had expired. Patton filed a notice of appeal on August 2, 2013 from the trial court's July 29, 2013 ruling.

{¶ 3}    Before addressing Patton's appellate argument, we note that his May 8, 2013 pre-sentence motion for the return of property is not before us. The trial court deemed that motion not ripe on June 14, 2013 and explicitly said that it would be held in abeyance. It appears that the trial court's later July 29, 2013 ruling addressed only the post-sentence motion for the

return of property.[1] As a result, arguably the pre-sentence motion remains pending below and no appealable order exists with regard to it.[2] The only issue before us is whether the trial court erred in denying Patton's post-sentence motion for the return of property.

{¶ 4}   In his appellate brief, Patton discusses the statutory requirements for forfeiture of contraband. He contends the State never instituted civil or criminal forfeiture proceedings with regard to the seized property. According to Patton, the State refused to return the seized property after his guilty plea without any proof that the property met the statutory requirements for forfeiture.

{¶ 5}   In the proceedings below, however, there was no forfeiture. The State simply took possession of various items, apparently pursuant to a search warrant, and continued to hold them. Patton's post-sentence motion alleged those items include unspecified "legal materials pertaining to the Colorado case." (Doc. #242 at 1). As set forth above, the trial court refused to return the materials to Patton for two reasons: (1) the possibility of an appeal from his conviction in this case and (2) the fact that Patton had been accused of similar crimes in Colorado, where prosecution apparently was pending. The trial court determined that it remained necessary for the

---

[1] Although the trial court's July 29, 2013 ruling did not specify that it applied only to the post-sentence motion for the return of property, the record supports such a conclusion. Patton filed the post-sentence motion on June 21, 2013. The State responded specifically to that motion on June 25, 2013, offering two reasons why the June 21, 2013 motion was not ripe. (Doc. #243). The trial court subsequently denied "the motion" "[f]or the reasons stated in the State's response[.]" (Doc. #246 at 1). Therefore, we infer that the trial court was denying Patton's June 21, 2013 motion.

[2] Parenthetically, we note that Patton still can request a ruling from the trial court on his pre-sentence motion because the trial court said it would hold that motion in abeyance. Arguably that motion could be presumed to have been overruled because it was not ruled upon by entry when the Judgment Entry of Conviction was filed. Alternatively Patton could submit a new motion. Whether the property identified in Patton's pre-sentence motion still has any potential evidentiary value in Colorado or any other legal action is a matter beyond the scope of our record.

State to continue holding the materials for both reasons.

{¶ 6} Under R.C. 2981.11(A)(1), "[a]ny property that has been * * * seized pursuant to a search warrant, or otherwise lawfully seized * * * and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose[.]"[3] Although the foregoing statute "is part of the law of forfeiture, it is applicable to any property seized in the execution of a search warrant and held prior to its final disposition. It also sets circumstances during which such property should be held. If an item is potentially needed for evidence or for some other lawful purpose, it may be held. Alternatively, if the item is no longer needed, it may be returned or otherwise disposed." *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 14. "Logically, items being held as part of a criminal investigation are being held to be used as evidence or for the lawful purpose of assisting the investigation. If, during consideration of a motion for return of property, the court properly finds that seized property is being held for evidence or as part of an ongoing investigation, it may properly deny the motion." *Id.*; *see also State v. Rivera*, 6th Dist. Lucas No. L-13-1170, 2014-Ohio-742, ¶ 6 ("The trial court, in the exercise of its discretion, may permit the state to retain control over seized property if it is being held as part of a criminal investigation or for possible use as evidence in a future action.").

{¶ 7} Here Patton's time to appeal from his conviction had expired prior to the trial court's July 29, 2013 denial of his post-sentence motion for the return of property. Therefore, contrary to the trial court's ruling, the possibility of an appeal and retrial did not justify denying

---

[3]Similarly, Crim.R. 26 provides that "[p]hysical property, other than contraband, as defined by statute, under the control of a prosecuting attorney for use as evidence in a hearing or trial should be returned to the owner at the earliest possible time."

Patton's motion. Notably, however, the State also represented to the trial court that the seized items may have evidentiary value in the Colorado case and that it had been in contact with Colorado officials, who were in the process of possibly subpoenaing the items. (Sentencing Tr. at 18 and Doc. #243 State's response to post-sentence motion to return property). In light of these unchallenged assertions, and absent any indication what the unspecified "legal materials" were, we cannot say the trial court abused its discretion in refusing to return Patton's property to him in July 2013.[4] The trial court reasonably could have concluded that the property still was "needed as evidence or for another lawful purpose" under R.C. 2981.11(A)(1). Accordingly, Patton's assignment of error is overruled.

{¶ 8}     The trial court's judgment is affirmed.

. . . . . . . . . . . . .

FROELICH, P.J., and DONOVAN, J., concur.

Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
Marcy A. Vonderwell
Hon. Michael A. Buckwalter

---

[4] It may be, of course, that any property still under the State's control no longer has evidentiary value in Colorado, or anywhere else, as of the date of this opinion. That issue is beyond the scope of our record, and we express no opinion on it.