[Cite as *State v. Germany*, 2014-Ohio-3202.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-130777 |
| | | TRIAL NOS. B-1300518 |
| Plaintiff-Appellee, | : | B-1305435 |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| BYRON GERMANY, | : | |
| | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed in Part, Reversed in Part, and Cause
Remanded

Date of Judgment Entry on Appeal:  July 23, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*,
Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*David Hoffmann*, Office of the Hamilton County Public Defender, for Defendant-
Appellant.

Please note:  this case has been removed from the accelerated calendar.

**DEWINE, Judge.**

{¶1}     This is an appeal from a trial court's denial of a motion to return property seized pursuant to a search warrant.

{¶2}      Byron Germany was convicted of several drug offenses.  On the day that he was sentenced to prison, he filed a motion to return various items that the state had obtained during a search of his property.  The items included a gun, automobiles, paperwork, and drug paraphernalia.

{¶3}     Under Ohio law, the state may retain property seized during the execution of a lawfully-issued search warrant as long as the state needs the property as evidence.  In addition, "drug paraphernalia" is automatically forfeited to the state.  But to retain other items that are no longer needed for a lawful purpose, the state must follow the procedures in Ohio's forfeiture laws.

{¶4}     Here, the trial court summarily denied the motion.  The trial court provided no explanation for its decision, and, except as to the drug paraphernalia, there is nothing in the record that would allow us to determine the propriety of the trial court's decision.  As a consequence, we must reverse the trial court's denial of the motion and remand the cause to the trial court for consideration of the matter on a proper record.

## The Proceedings Below

{¶5}     On January 23, 2013, federal, state, and local law enforcement officers entered Mr. Germany's house to execute a federal warrant for the arrest of his wife, Regina Shields.  Ms. Shields was apprehended on allegations of federal income tax fraud relating to Free Truth Enterprises, a charity believed to be a front to hide assets from drug sales.  During a protective sweep of the home, the police saw a hydraulic "kilo" press—a machine commonly used for packaging cocaine—in plain view.  Based on that

observation, the police obtained a search warrant for the home, and seized the following items:

1. One kilo press and its parts, including two weights, two metal pipes, and a hollow wood block;

2. A 9 mm handgun with a silencer, and a magazine for the gun;

3. Paperwork related to Free Truth Enterprises and other miscellaneous paperwork;

4. A digital scale;

5. Keys;

6. Two vehicles, a Mercedes and a Porsche; and

7. Two cell phones, an iPhone and a Cricket.

{¶6} A grand jury initially indicted Mr. Germany on three counts of possession of criminal tools, but that indictment was ultimately dismissed. The trial court denied a motion to suppress filed in the initial case. Mr. Germany was subsequently charged with two counts of possession of cocaine, two counts of possession of drug paraphernalia, and one count of possessing criminal tools. He pleaded guilty to all five counts.

{¶7} On the day of the sentencing hearing, Mr. Germany filed a motion that he styled "Motion to Restore Forfeited Property and Grant Petitions for Mitigation or Return of Forfeitures." The caption of the motion was poorly chosen. At the time of his sentencing, the only item for which the state had sought forfeiture was the Porsche, for which it had obtained a default judgment of forfeiture in a separate proceeding. The state had not sought or obtained forfeiture of any other items. In the motion, Mr. Germany requested return of all the items seized, but the only argument that he

advanced was that the value of the Porsche was disproportionate to the crimes for which he had been convicted.

{¶8}     The trial court took up Mr. Germany's freshly-filed motion immediately after imposing sentence.  Without allowing opportunity for argument, the trial court set aside the default judgment as to the Porsche, but denied the motion to restore property.[1]

{¶9}     Mr. Germany now appeals, raising one assignment of error challenging the court's denial of his motion to return property.  Specifically, Mr. Germany contends that the trial court failed to properly address his motion and requests that this court remand the cause for application of the statutory provisions governing forfeiture.

### Retention and Forfeiture of Personal Property

{¶10}     There are three bodies of law governing the retention of personal property that are relevant to this appeal.  The first deals with property seized during the execution of a lawfully-issued search warrant and retained by the state for evidentiary or investigative purposes.  The second addresses the automatic forfeiture of drug paraphernalia upon a conviction for the use or possession of that paraphernalia.  And the third pertains to property that is the subject of a forfeiture action instituted by the state, where the court finds that the property is contraband, proceeds, or instrumentalities of the underlying offense.

### A.  Property Retained for Evidentiary Purposes

{¶11}     With respect to items seized pursuant to a properly-issued search warrant, R.C. 2981.11(A)(1) provides:  "Any property that has been * * * seized pursuant to a search warrant * * * and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for

---

[1] Because the disposition of the Porsche is the subject of a separate forfeiture action, we will not consider it in our analysis.

4

another lawful purpose." Thus, even in the absence of a forfeiture proceeding, a court may permit the state to retain lawfully-seized property "[i]f, during consideration of a motion for return of property, the court properly finds that seized property is being held for evidence or as part of an ongoing investigation[.]" *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 15.

{¶12} The state argues on appeal that the trial court properly allowed the state to retain the cell phones and paperwork because they are needed as part of an ongoing investigation. It asserts that "it is believed that Germany was involved in more than what was charged in the underlying matter." This may well be the case, but there is little in the record below that would allow us to evaluate this assertion. No hearing was held on the motion. And there was also no written response filed by the state—a circumstance that is understandable in light of the fact that the motion was filed and ruled upon on the same day.

{¶13} Absent a proper record, we are unable to evaluate the state's claim that it is entitled to retain the property for evidentiary purposes. Nor can we assess Mr. Germany's countervailing contention that the items should be returned to him because they are no longer needed for any lawful purpose.

### B. Items Subject to Automatic Forfeiture

{¶14} Ohio law provides for the automatic forfeiture of certain contraband to the state. R.C. 2925.14, Ohio's drug paraphernalia statute, provides that "any drug paraphernalia that was used, possessed, sold, or manufactured in violation of this section shall be seized, after a conviction for that violation shall be forfeited, and upon forfeiture shall be disposed of pursuant to [R.C. 2981.12(B)]." R.C. 2925.14(E). Thus, items found to constitute drug paraphernalia are automatically forfeited upon a defendant's conviction for a violation of R.C. 2925.14.

5

{¶15}   Mr. Germany pleaded guilty to two counts of possession of drug paraphernalia—a digital scale and a kilo press containing cocaine residue—in violation of R.C. 2925.14.  Because R.C. 2925.14(E) mandates that drug paraphernalia "shall be forfeited," the trial court did not err in denying Mr. Germany's request to return the digital scale and kilo press.

{¶16}   With respect to Mr. Germany's handgun, the state argues that Mr. Germany is subject to a weapons disability as a result of his convictions, so he cannot legally possess the firearm.  But the fact that Mr. Germany may face legal consequences for possessing a firearm has no bearing on the forfeiture of that property under R.C. Chapter 2981.  *See State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 68 (6th Dist.) (the defendant's "acquisition of that disability * * * is distinct from the consequences of forfeiture under R.C. 2981").  Unlike drug paraphernalia, there is no provision exempting firearms from the forfeiture process upon the attachment of a weapons disability.  Thus, the existence of a weapons disability does not render a weapon automatically forfeited.

### C.  General Forfeiture Procedures

{¶17}   R.C. Chapter 2981 permits the state to seek forfeiture of an offender's property through either a criminal process under R.C. 2981.04 or a civil process under R.C. 2981.05.   R.C. 2981.03(A)(2) authorizes a law enforcement officer to "seize property that the officer has probable cause to believe is property subject to forfeiture." "Property subject to forfeiture" consists of "contraband," "proceeds," or "instrumentalities" used in the commission of a felony and certain misdemeanors.  R.C. 2981.01(B)(13) and 2981.02(A).  Upon the commission of a criminal offense, the state or political subdivision acquires "provisional title" to the property and may hold it until such time that title vests pursuant to a final forfeiture order.  R.C. 2981.03(A)(1).

{¶18}   Where property is seized in accordance with R.C. 2981.03, that section mandates that if "a criminal forfeiture has not begun under section 2981.04 of the Revised Code, the prosecutor * * * shall commence a civil action to forfeit that property under section 2981.05[.]" R.C. 2981.03(F). A criminal forfeiture action is initiated by including a specification in the charging instrument or by furnishing the defendant with "prompt notice" in a bill of particulars. R.C. 2981.04(A). A civil forfeiture action is initiated by filing "a complaint requesting an order that forfeits the property to the state or a political subdivision." R.C. 2981.05(A).

{¶19}   As of yet, the state has not instituted a forfeiture action for any property except the Porsche. The indictment contained no forfeiture specifications, and the state does not contend that any civil process has begun with respect to the gun, cell phones, keys, paperwork, or Mercedes. Many of these items could conceivably fall within the ambit of "instrumentalities," meaning "property otherwise lawful to possess that is used in or intended to be used in an offense." R.C. 2981.01(B)(6). But the trial court has made no determination that they were instrumentalities used in the commission of the offenses in this case, and were therefore subject to forfeiture under R.C. 2981.02, because no forfeiture action has been filed.

{¶20}   To the extent that the property is not needed for evidentiary purposes and does not fall within the exception for drug paraphernalia, the state must comply with the statutory provisions governing forfeiture.

**Conclusion**

{¶21}   Although the state may retain property seized pursuant to a search warrant and needed as evidence, there is nothing in the record indicating that the property in this case is being held for such purposes. Nor has the state attempted to take title to the property by means of a forfeiture action. Therefore, we sustain Mr.

Germany's sole assignment of error with respect to the Mercedes, paperwork, cell phones, keys, and firearm. We reverse the court's order denying Mr. Germany's motion to return that property and remand the cause for the court to make a determination on a proper record. We overrule the assignment of error as to the digital scale and the kilo press, and we affirm the trial court's judgment as to those items.

Judgment affirmed in part, reversed in part, and cause remanded.

**CUNNINGHAM, P.J.,** and **DINKELACKER, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.