[Cite as *State v. Bolton*, 2017-Ohio-8903.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 27463 |
| | : | |
| v. | : | Trial Court Case No. 2015-CRB-29 |
| | : | |
| GARY BOLTON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 8th day of December, 2017.

. . . . . . . . . .

LORI DENLINGER, Atty. Reg. No. 0053384, West Carrollton City Prosecutor, 300 East Central Avenue, West Carrollton, Ohio 45449
    Attorney for Plaintiff-Appellee

GARY BOLTON, 355 East Orchard Hill Drive, West Carrollton, Ohio 45449
    Defendant-Appellant-Pro Se

. . . . . . . . . . . .

WELBAUM, J.

**{¶ 1}** Defendant-appellant, Gary Bolton, appeals pro se from a judgment of the Miamisburg Municipal Court vacating its prior order releasing various firearms and ammunition seized from Bolton's residence into Bolton's custody following his conviction for aggravated menacing. For the reasons outlined below, the judgment of the municipal court will be affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

**Facts and Course of Proceedings**

**{¶ 2}** On December 22, 2014, Bolton had an encounter with police at his West Carrollton residence that resulted in a complaint being filed in the Miamisburg Municipal Court charging Bolton with one count of aggravated menacing in violation of R.C. 2903.31, a misdemeanor of the first degree. During the encounter, the police seized several firearms and various types of ammunition from Bolton's residence. The charging complaint did not include a forfeiture specification for the seized property.

**{¶ 3}** Approximately three months later, on March 14, 2015, Bolton had a second encounter with police at his residence that resulted in Bolton being indicted in the Montgomery County Court of Common Pleas for one count of inducing panic in violation of R.C. 2917.31, a felony of the fifth degree.

**{¶ 4}** On May 12, 2015, Bolton appeared before the Montgomery County Court of Common Pleas and pled guilty to inducing panic as a fifth degree felony. Approximately one month later, on June 8, 2015, Bolton appeared before the Miamisburg Municipal Court and pled no contest to the first-degree-misdemeanor charge of aggravated

menacing.

{¶ 5} On June 18, 2015, the common pleas court sentenced Bolton to community control sanctions not to exceed five years for his inducing panic offense. Approximately one month later, on July 20, 2015, the Miamisburg Municipal Court sentenced Bolton to serve 180 days in jail, with 180 days suspended for his aggravated menacing offense. The municipal court also ordered Bolton to serve two years of non-reporting probation and to pay a $30 fine and court costs. Bolton's sentence for aggravated menacing did not contain any information regarding the disposition of the firearms and ammunition seized from his residence on December 22, 2014.

{¶ 6} Bolton, however, requested the Miamisburg Municipal Court to return the firearms and ammunition seized from his residence. The municipal court granted Bolton's request on the day of his sentencing hearing by issuing a separate, written entry ordering the West Carrollton Police Department to release the firearms and ammunition to Bolton on December 22, 2016, on the condition that Bolton complies with all the terms of his probation and sentence.

{¶ 7} The following year, on October 14, 2016, the Miamisburg Municipal Court received a notice from Bolton's probation officer stating that Bolton had completed all the conditions of his probation and paid all his fines, and that the probation department recommended the early termination of his probation. In light of this notice, on November 10, 2016, Deputy Chief David Wessling of the West Carrollton Police Department filed a motion for the municipal court to reconsider its decision granting the release of Bolton's firearms and ammunition. In the motion, Wessling argued that Bolton was prohibited from possessing the firearms and ammunition because he was under a weapons disability

as a result of his felony conviction for inducing panic in the Montgomery County Court of Common Pleas.

{¶ 8} On December 16, 2016, the Miamisburg Municipal Court held a hearing on the motion for reconsideration during which Bolton admitted that he was prohibited from owning the firearms and ammunition in question. Bolton, however, requested the court to release the firearms and ammunition to his adult son so that Bolton could facilitate a sale of the property.

{¶ 9} After taking the matter under advisement, on January 11, 2017, the municipal court issued a written decision vacating its July 20, 2015 order releasing the firearms and ammunition back to Bolton. Specifically, the court held that as a result of Bolton's felony conviction for inducing panic, pursuant to R.C. 2923.13(A)(2), he was under a statutory weapons disability that prevented him from acquiring, having, carrying, or using any firearm or dangerous ordnance. Accordingly, the municipal court ordered the West Carrollton Police Department to dispose of the seized property in accordance with the applicable statute.

{¶ 10} Following the municipal court's order, on January 20, 2017, Bolton filed a motion requesting the court to hold his property until his felony conviction was expunged or to dispose of the property by releasing it to his son or to a third party gun store for purposes of liquidation, with all proceeds going to Bolton. The municipal court scheduled a hearing on the motion; however, the hearing never took place because Bolton filed the instant appeal from the municipal court's January 11, 2017 decision vacating its order for release of his firearms and ammunition.

**Law and Analysis**

**{¶ 11}** Bolton's pro se appellate brief, which is denominated "Defendant's Memorandum of Law in Support of its Motion for Summary Judgment," contains no assignments of error for this court's review. Instead, Bolton's appellate brief merely contains a general request for the return of his firearms and ammunition that were seized by the West Carrollton Police Department on December 22, 2014. Bolton claims his property should be returned because he could find no law that prevents him from owning the firearms and ammunition in question.

**{¶ 12}** Initially, we note that Bolton's appellate brief fails to comply with the requirements for appellate brief writing set forth in App.R. 16(A)(1) through (7). Not only does Bolton's brief fail to assert any assignment of error as required by App.R. 16(A)(3), but it also does not include an argument with citations to authorities, statutes, and portions of the record on which Bolton relies as required by App.R. 16(A)(7).

**{¶ 13}** Although we are permitted to summarily strike Bolton's appellate brief or sua sponte dismiss his appeal for failure to comply with App.R. 16, in the interests of justice, we will review the matter and construe Bolton's appellate brief as arguing that the Miamisburg Municipal Court erred by vacating its prior order for the release of Bolton's firearms and ammunition and in failing to release the same to his son.

**{¶ 14}** As previously noted, the municipal court vacated its order releasing the firearms and ammunition to Bolton on grounds that Bolton was under a weapons disability pursuant to R.C. 2923.13(A)(2), which provides that:

Unless relieved from disability under operation of law or legal process, no

person shall knowingly acquire, have, carry, or use any firearm or

dangerous ordnance if * * * the person is under indictment for or has been convicted of any felony offense of violence[.]

{¶ 15} There is no dispute that Bolton has a felony conviction for inducing panic, which Ohio law considers an offense of violence. *See* R.C. 2901.01(A)(9); R.C. 2917.31. Since Bolton has been convicted of a felony offense of violence, Bolton is indeed under a statutory weapons disability per R.C. 2923.13(A)(2). To date, the record of Bolton's felony conviction has not been sealed and Bolton has not otherwise been relieved from the weapons disability by operation of law or legal process. As a result, Bolton is prohibited from knowingly acquiring, having, carrying, or using any firearm or dangerous ordnance.[1]

{¶ 16} "Any property that has been * * * lawfully seized * * * and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence *or for another lawful purpose*, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code." (Emphasis added.) R.C. 2981.11(A)(1). The trial court has discretion to permit the State to retain control over the seized property if it is being held for the reasons set forth in R.C. 2981.11(A)(1). *See generally State v. Rivera*, 6th Dist. Lucas No. L-13-1170, 2014-Ohio-742, ¶ 6; *State v. Patton*, 2d Dist. Greene No. 2013-CA-41, 2014-Ohio-3000, ¶ 6.

{¶ 17} In this case, there is no allegation or indication that the seizure of the firearms and ammunition at issue was unlawful, as Bolton is contesting the retention of his property, not the property's seizure. Furthermore, there is a "lawful purpose" for law enforcement retaining the property at issue on account of Bolton being under a statutory

---

[1] The term "dangerous ordnance" includes ammunition. *See* R.C. 2923.11(K)(4).

weapons disability per R.C. 2923.13(A)(2). Accordingly, the trial court did not abuse its discretion in failing to release the property back to Bolton.

{¶ 18} The trial court also did not abuse its discretion in failing to release Bolton's property to his son so that Bolton himself could facilitate a sale of the property. Doing so would have provided Bolton with constructive possession of the property in violation of R.C. 2923.13(A)(2).

{¶ 19} In order to "have" a firearm or dangerous ordnance within the meaning of RC 2923.13, an individual " 'must either actually or constructively possess it.' " *State v. Fleming*, 2d Dist. Clark No. 2014-CA-136, 2015-Ohio-5382, ¶ 26, quoting *State v. Ridley*, 10th Dist. Franklin No. 03AP-1204, 2005-Ohio-333, ¶ 18, citing *State v. Hardy*, 60 Ohio App.2d 325, 327, 397 N.E.2d 773 (8th Dist.1978). (Other citation omitted.) "Actual possession requires ownership and/or physical control." (Citation omitted.) *Id.* " ' "Constructive possession exists when an individual exercises dominion and control over an object, even though that object may not be within his immediate physical possession." ' " *State v. Bowshier*, 2d Dist. Clark No. 2016-CA-27, 2017-Ohio-4092, ¶ 13, quoting *Ridley* at ¶ 18, quoting *State v. Wolery*, 46 Ohio St.2d 316, 329, 348 N.E.2d 351 (1976). *Accord State v. Donley*, 2017-Ohio-562, 85 N.E.3d 324, ¶ 56 (2d Dist.). "Constructive possession may be achieved by means of an agent." *Hardy* at 327.

{¶ 20} Had the municipal court released the firearms and ammunition to Bolton's son under the arrangement suggested by Bolton, Bolton would have retained dominion and control over the property with his son merely acting as his agent/straw man. Under these circumstances, the trial court did not abuse its discretion in failing to release the firearms and ammunition to Bolton or his son.

{¶ 21} Nevertheless, in vacating its decision releasing the property to Bolton, the municipal court ordered that the property "be disposed of by the West Carrollton Police Department in accordance with statute."   We presume the municipal court is referring to R.C. 2981.12 and R.C. 2981.13, which govern the disposition of unclaimed and forfeited property.   Specifically, R.C. 2981.12(A)(2) provides that:

(A) Unclaimed or forfeited property in the custody of a law enforcement agency, other than property described in division (A)(2) of section 2981.11 of the Revised Code, shall be disposed of by order of any court of record that has territorial jurisdiction over the political subdivision that employs the law enforcement agency, as follows:

* * *

(2) Firearms and dangerous ordnance suitable for police work may be given to a law enforcement agency for that purpose. Firearms suitable for sporting use or as museum pieces or collectors' items may be sold at public auction pursuant to division (B) of this section. The agency may sell other firearms and dangerous ordnance to a federally licensed firearms dealer in a manner that the court considers proper. The agency shall destroy any firearms or dangerous ordnance not given to a law enforcement agency or sold or shall send them to the bureau of criminal identification and investigation for destruction by the bureau.

{¶ 22} The aforementioned statutory provision, however, is not applicable to the present case, as Bolton's property is not unclaimed and there was no attempt by the State to initiate the forfeiture of Bolton's property under either the criminal or civil process set

forth in R.C. 2981.04 and R.C. 2981.05. In the absence of a final forfeiture adjudication, the State's interest in seized property remains "provisional." R.C. 2981.03(A)(1); *State v. North*, 2012-Ohio-5200, 980 N.E.2d 566, ¶ 12 (1st Dist.). *Accord State v. Bolton*, 2017-Ohio-7263, ___N.E.3d___, ¶ 17 (2d Dist.) "Provisional title authorizes the state or political subdivision to seize and hold the property, and to act to protect the property, * * * before any proceeding under [Chapter 2981]." R.C. 2981.03(A)(1).

{¶ 23} In a previous case involving Bolton, the State did not pursue either criminal or civil forfeiture of property seized from Bolton, and as a result, we reversed the trial court's decision overruling Bolton's motion for the release of his property on grounds that the statutory requirements for forfeiture had not been met. *Bolton* at ¶ 13-17.

{¶ 24} In *State v. Haymond*, 5th Dist. Stark No. 2009-CA-00078, 2009-Ohio-6817, the Fifth District Court of Appeals reached the same conclusion as *Bolton* under similar circumstances. *Id.* at ¶ 34-36 (holding the trial court erred in failing to return a seized handgun to appellant where the State failed to file for either criminal or civil forfeiture, noting "the complaint charging the offenses contained no specification covering property subject to forfeiture under section 2981.02 of the Revised Code. Given this deficiency, the trial court has no authority to order the handgun forfeited."). *See also State v. Coleman*, 8th Dist. Cuyahoga No. 91058, 2009-Ohio-1611, ¶ 76.

{¶ 25} However, unlike the aforementioned cases, the present case involves a statutory weapons disability. In *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042 (6th Dist.), the State failed to initiate either criminal or civil forfeiture of firearms seized from an appellant who was under a weapons disability pursuant to R.C. 2923.13(A)(2). *Id.* at ¶ 32, 66-68. The *Brimacombe* court noted that

while it was clear that the appellant was prohibited from acquiring, owning, possessing, using, or carrying firearms due to a weapons disability, appellant's "acquisition of that disability, however, is distinct from the consequence of forfeiture under R.C. 2981 et seq." *Id.* at ¶ 68. Accordingly, the court held that the disposition of the firearms "remains an issue, notwithstanding [appellant's] legal disability" and ordered the issue of the firearms appropriate disposition to be addressed on remand to the trial court. *Id.* at ¶ 68, 70.

{¶ 26} Assuming the municipal court's order for Bolton's property to be disposed of "in accordance with applicable statute" is referring to the disposition of property provisions in R.C. 2981.12, the court is treating the property as if it had been forfeited when no forfeiture proceeding had ever been initiated. In other words, Bolton's property was not forfeited under Chapter 2981 of the Revised Code and cannot be treated as such.

{¶ 27} For the foregoing reasons, the judgment of the Miamisburg Municipal Court is affirmed as to the vacation of the order for the release of the weapons to Bolton, but reversed as to the order for the disposal of the weapons. Bolton's weapons shall remain in the custody of the West Carrollton Police Department for safekeeping under R.C. 2981.11(A)(1) until the disposition of the property is addressed on remand. We note that in his January 20, 2017 motion, Bolton set forth various options for the disposal of his property, which the municipal court may consider in its discretion. However, the disposal of the property must not provide Bolton with actual or constructive possession of the property in violation of R.C. 2923.13(A)(2).

## Conclusion

{¶ 28} The judgment of the municipal court is affirmed in part, reversed in part, and

remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Lori Denlinger
Gary Bolton
Hon. Robert W. Rettich, III