[Cite as *State v. Thompson*, 2018-Ohio-4690.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27989 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-377/2 |
| | : | |
| CRAIG A. THOMPSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 21st day of November, 2018.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Atty. Reg. No. 0095826, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

CRAIG A. THOMPSON, Inmate No. A721-446, Warren Correctional Institution, P.O. Box 120, Lebanon, Ohio 45036
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendant-appellant, Craig A. Thompson, appeals pro se from the judgment of the Montgomery County Court of Common Pleas overruling his motion to release property. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} In 2015, Thompson was sentenced to six years in prison after a jury found him guilty of complicity to commit burglary. Following his conviction, Thompson filed a direct appeal, wherein he raised several assignments of error, including that his conviction was supported by insufficient evidence and was against the manifest weight of the evidence. This court overruled Thompson's assignments of error and affirmed his conviction. *State v. Thompson*, 2d Dist. Montgomery No. 26954, 2016-Ohio-7521.

{¶ 3} On February 2, 2017, Thompson filed a pro se petition for post-conviction relief, requesting his conviction be vacated on various grounds including ineffective assistance of counsel. The trial court denied Thompson's petition on January 31, 2018. Thompson thereafter appealed from the trial court's judgment denying him post-conviction relief. That appeal is currently pending before this court in Case No. CA 27924.

{¶ 4} On August 4, 2017, Thompson filed a pro se motion to release property, wherein Thompson requested that the trial court order the return of two of his cell phones, which were seized by police and used as evidence at his trial. Thompson, who remains incarcerated, requested the cell phones be returned to either his mother or father. The trial court overruled Thompson's motion to release property on grounds that the two cell

phones "were introduced at trial and may have future evidentiary value due, in part, to the fact that * * * Thompson is currently appealing a decision of [the trial] court denying post-conviction relief." Decision, Order and Entry Overruling Motion to Release Property (Apr. 24, 2018), Montgomery C.P. No. 2013-CR-377/2, Docket No. 6.

{¶ 5} Thompson now appeals from the trial court's order overruling his motion to release property, raising one assignment of error for review.

## Assignment of Error

{¶ 6} Thompson's sole assignment of error is as follows:

THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE RELEASE OF THOMPSON'S PROPERTY.

{¶ 7} Under his assignment of error, Thompson contends the trial court erred in overruling his motion to release property, because the State failed to pursue forfeiture of the property in question through criminal or civil forfeiture proceedings. Thompson also claims the failure to return his property violates his Fourth Amendment rights.[1] In response, the State does not dispute that forfeiture proceedings have not been instituted for the property in question, but nevertheless claims the trial court properly overruled Thompson's motion to release property pursuant to R.C. 2981.11(A)(1). We agree with the State.

---

[1]Thompson also tangentially argues that the trial court should not have considered the State's memorandum opposing his motion to release property because the memorandum was not served on Thompson as required by Civ.R. 5 and Crim.R. 49. Thompson, however, waived this argument by filing a reply to the State's opposing memorandum on November 14, 2017. We note that Thompson did not raise any service-failure issues in the reply and filed the reply 13 days after the State filed its opposing memorandum.

**{¶ 8}** R.C. 2981.11(A)(1) provides that: "Any property that has been * * * seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose."

**{¶ 9}** In *State v. Patton*, 2d Dist. Greene No. 2013-CA-41, 2014-Ohio-3000, this court noted that:

> Although [R.C. 2981.11(A)(1)] "is part of the law of forfeiture, it is applicable
> to any property seized in the execution of a search warrant and held prior
> to its final disposition. It also sets circumstances during which such
> property should be held. If an item is potentially needed for evidence or for
> some other lawful purpose, it may be held. Alternatively, if the item is no
> longer needed, it may be returned or otherwise disposed."

*Id.* at ¶ 6, quoting *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 14.

**{¶ 10}** "Thus, even in the absence of a forfeiture proceeding, a court may permit the state to retain lawfully-seized property '[i]f, during consideration of a motion for return of property, the court properly finds that seized property is being held for evidence or as part of an ongoing investigation[.]' " *State v. Germany*, 1st Dist. Hamilton No. C-130777, 2014-Ohio-3202, ¶ 11, quoting *Bates* at ¶ 15. In other words, "[t]he trial court has discretion to permit the State to retain control over the seized property if it is being held for the reasons set forth in R.C. 2981.11(A)(1)." *State v. Bolton*, 2017-Ohio-8903, 100 N.E.3d 1275, ¶ 16 (2d Dist.), citing *State v. Rivera*, 6th Dist. Lucas No. L-13-1170, 2014-Ohio-742, ¶ 6 and *Patton* at ¶ 6.

{¶ 11} In *Rivera*, the defendant was convicted of multiple sexually oriented offenses, and at the time of his arrest, the police seized various video recording items from the defendant. *Rivera* at ¶ 1, 4. After the defendant's conviction, which was entered via an *Alford* plea, the defendant challenged his conviction and sentence in several post-conviction petitions, a direct appeal, and a delayed appeal. *Id.* at ¶ 2. The defendant's case was remanded several times for resentencing, but his conviction was nevertheless affirmed. Following his appeals, the defendant filed a motion to have the seized items returned to him. *Id.* at ¶ 2-3. The State, however, opposed the motion under R.C. 2981.11(A)(1). Specifically, the State argued that the seized items might be needed in a future retrial of the defendant's case because the items were evidence that the defendant had performed sex acts on minor children. *Id.* at ¶ 7. The trial court agreed with the State, finding that because the defendant "continues to challenge the validity of his convictions, there is a possibility that the seized property might need to be used as evidence in future retrial." *Id.* at ¶ 8. Accordingly, the trial court overruled the defendant's motion to release the seized property.

{¶ 12} On appeal, the Sixth District Court of Appeals affirmed the trial court's decision in *Rivera*, finding no abuse of discretion in overruling the defendant's motion to release property. *Id.* ¶ 9. In so holding, the appellate court noted that, because the defendant "entered an *Alford* plea and the evidence held by the state was not entered into the record and [the defendant] has repeatedly challenged his conviction and sentence, there remains a possibility the evidence would be needed if the case was ever reversed and remanded for retrial." *Id.* *Accord State v. Walls*, 2018-Ohio-329, 104 N.E.3d 280, ¶ 77-79 (6th Dist.) (finding no abuse of discretion in overruling defendant's

motion to release seized property where "the case could be remanded for a new trial and the state may choose to use the [property as] evidence at a new trial").

{¶ 13} This court reached a similar conclusion in *Patton*, 2d Dist. Greene No. 2013-CA-41, 2014-Ohio-3000. In *Patton*, the defendant entered a negotiated guilty plea to several theft-related charges and was sentenced to prison. *Id.* at ¶ 2. After sentencing, the defendant filed a motion to release property that was seized pursuant to a search warrant. *Id.* at ¶ 2-5. Although no forfeiture proceedings were instituted for the property, the trial court overruled the defendant's motion due to: (1) the possibility of an appeal from the defendant's conviction; and (2) the fact that the defendant had been accused of similar crimes in Colorado where prosecution was pending. *Id.* at ¶ 5.

{¶ 14} On appeal, this court held that the possibility of an appeal and retrial of the defendant's conviction did not justify overruling the defendant's motion to release property because the defendant's time to appeal had expired prior to the trial court's denial of the motion. *Id.* at ¶ 7. However, because the State represented that the seized items may have evidentiary value in the Colorado case and that Colorado officials were in the process of possibly subpoenaing the items in question, this court found that the trial court did not abuse its discretion in refusing to return the seized property to the defendant. *Id.* Specifically, we held that "the trial court reasonably could have concluded that the property still was 'needed as evidence or for another lawful purpose' under R.C. 2981.11(A)(1)." *Id.*

{¶ 15} In the case at bar, Thompson moved the trial court to return two cell phones that were admitted as evidence during his trial. The trial court denied Thompson's motion on grounds that the cell phones might have future evidentiary value due to

Thompson appealing from the trial court's decision denying him post-conviction relief. Given the pending appeal, the trial court reasonably determined that there was a possibility that Thompson's conviction would be vacated and that the matter would be remanded for a new trial, during which the State might again choose to present the cell phones as evidence. Under these circumstances, we find the trial court's decision not to release the cell phones was proper under R.C. 2981.11(A) and not an abuse of discretion.

{¶ 16} Thompson nevertheless argues that, despite being admitted into evidence, his two cell phones have no evidentiary value and should therefore be returned. Thompson claims the cell phones have no evidentiary value because the investigating detective testified that there were no calls or text messages discovered on the phones that connected Thompson to the burglary. Therefore, according to Thompson, there is no reason to keep the cell phones as evidence, and the failure to return them violates his Fourth Amendment rights. We find no merit to Thompson's claim.

{¶ 17} Whether Thompson believes the cell phones have evidentiary value is immaterial to the issue before this court, as evidentiary rulings are within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. (Citations omitted.) *In re Priser*, 2d Dist. Montgomery No. 19861, 2004-Ohio-1315, ¶ 14; *State v. Dyson*, 2d Dist. Champaign No. 2000CA2, 2000 WL 1597952, *2 (Oct. 27, 2000). Although the two cell phones may not have contained calls or messages linking Thompson to the burglary, the record indicates that the cell phones were admitted into evidence because they were obtained as part of the officers' investigation and were used to develop the identities of witnesses. Therefore, regardless

of their evidentiary weight, the cell phones are pieces of evidence that could be used during a potential retrial, and thus may be held pursuant to R.C. 2981.11(A). In reaching this decision, we note that conditional release of the cell phones under R.C. 2981.03(D) is not an option for Thompson, because conditional release of property is unavailable when property "must be held for a reasonable time as evidence related to an offense[.]" *State v. Moreno*, 2017-Ohio-479, 85 N.E.3d 238, ¶ 21 (2d Dist.), citing R.C. 2981.03(D)(3).

**{¶ 18}** For the foregoing reasons, Thompson's sole assignment of error is overruled.

## Conclusion

**{¶ 19}** Having overruled Thompson's sole assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Michael P. Allen
Craig A. Thompson
Hon. Barbara P. Gorman