[Cite as *State v. Metz*, 2019-Ohio-3370.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 107945 |
| v. | : | |
| ANTHONY METZ, | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 22, 2019

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618532-C

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kevin R. Filiatraut, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendant-appellant, Anthony Metz ("Metz"), appeals the trial court's denial of his motion to release his cell phone. For the reasons set forth below, we affirm.

{¶ 2} In July 2017, Metz and three codefendants were charged as a result of an incident that occurred on April 6, 2017. Metz was charged with one count each of rape and kidnapping.[1] Metz's three codefendants were each charged with rape and kidnapping. Two of the codefendants were each charged with assault and one codefendant was charged with pandering obscenity.

{¶ 3} In March 2018, the matter proceeded to a joint bench trial. At the conclusion of trial, the court found Metz and his codefendants guilty of all the charges. The trial court sentenced Metz to 10 years for rape, to be served consecutive to 5 years for kidnapping, for a total prison term of 15 years. Metz appealed his convictions and sentence.[2]

{¶ 4} In October 2018, Metz filed a motion for the return of his cell phone, which was seized by the Cleveland Police Department during the investigation of the underlying allegations. In the motion, Metz argued that the state had no legitimate interest in retaining his cell phone because neither the cell phone nor any evidence extracted was introduced at the trial. Metz also argued that the state had already extracted all data from the cell phone.

{¶ 5} The state opposed the motion, noting that Metz was found guilty of participating in the sexual assault of a victim and the sexual assault was recorded

---

[1] The kidnapping charge included a sexual motivation specification.

[2] Metz's direct appeal is currently pending before the court as *State v. Metz*, 8th Dist. Cuyahoga No. 107212. The direct appeal of Metz's three codefendants are also pending before the court.

through the use of a cell phone. The state acknowledged that Metz's cell phone was not introduced as evidence, but argued his convictions remain pending on appeal and the cell phone was potential evidence should a new trial be required. In addition, the state argued that Metz had not articulated a compelling reason for the return of the cell phone at the present time and, given his 15-year prison sentence, will suffer no prejudice.

{¶ 6} In November 2018, the trial court denied Metz's motion for release of his cell phone. Metz subsequently filed a motion for reconsideration arguing the retention of the cell phone violates the Fourth Amendment to the United States Constitution. Before the trial court could rule on the motion to reconsider and prior to the state filing a responsive motion, Metz filed a notice of appeal raising the following single assignment of error.

<u>Assignment of Error</u>

The trial court erred in denying [Metz's] motion for the return of his Apple iPhone.

{¶ 7} In the sole assignment of error, Metz argues the trial court erred in denying his motion for the return of his cell phone. Under his assignment of error, Metz contends the trial court erred in denying his motion because the state failed to introduce the cell phone as evidence in the trial. Metz also claims the failure to return his cell phone violates his Fourth Amendment rights.

{¶ 8} Under R.C. 2981.11(A)(1),

[a]ny property that has been * * * seized pursuant to a search warrant, or otherwise lawfully seized * * * and that is in the custody of a law

enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose[.]

{¶ 9} Based on the above statute, if an item is potentially needed for evidence or for some other lawful purpose, it may be held. Alternatively, if the item is no longer needed, it may be returned or otherwise disposed. *State v. Bates*, 6th Dist. Williams No. WM-11-007, 2012-Ohio-1397, ¶ 14.

{¶ 10} Directly pertinent to the above statute, the state argued in its motion in opposition that Metz's direct appeal remains pending in this court and the cell phone is potential evidence should a new trial be ordered. Although, the motion was denied without a hearing, the trial court could have reasonably determined, given Metz's pending appeal, it was possible for the convictions to be vacated and a new trial ordered. If the matter was remanded for a new trial, the state might choose to present the cell phone as evidence, despite not doing so in the first instance.

{¶ 11} Under these circumstances, R.C. 2981.11(A)(1) permits the state to retain control over the cell phone. *State v. Bolton*, 2017-Ohio-8903, 100 N.E.3d 1275, ¶ 16 (2d Dist.), citing *State v. Rivera*, 6th Dist. Lucas No. L-13-1170, 2014-Ohio-742, ¶ 6.

{¶ 12} Nonetheless, Metz argues the continued retention of his cell phone contravenes the Fourth Amendment. Metz asserts that the search of his cell phone uncovered no evidence of a sexual assault, but only personal information, and all the data has been extracted, thus the state's justification for seizing and searching the cell phone has ceased to exist. Regardless of its evidentiary weight, Metz's cell phone

is a piece of evidence that could be used during a potential retrial and may be held under R.C. 2981.11(A). As a result of Metz's pending appeal, and those of his codefendants, the overriding concern is that the cell phone is potentially still useful as evidence and should be retained by the state. Thus, at this time, we find no abuse of discretion in denying Metz's motion for the return of his cell phone.

{¶ 13} Accordingly, we overrule the sole assignment of error.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of out this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

LARRY A. JONES, SR., J., and
RAYMOND C. HEADEN, J., CONCUR