[Cite as *State v. Humphrey*, 2024-Ohio-5510.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 30150 |
| | : | |
| v. | : | Trial Court Case No. 2020 CR 03896 |
| | : | |
| OCTAVIUS LAMONT HUMPHREY | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on November 22, 2024

. . . . . . . . . . .

OCTAVIUS LAMONT HUMPHREY, Pro Se Appellant

MATHIAS H. HECK, JR., by MICHAEL P. ALLEN, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Octavius Lamont Humphrey appeals from an order of the Montgomery County Court of Common Pleas overruling his "Motion for the Return of Property," in which Humphrey requested the return of certain property that had been

seized pursuant to a search warrant. For the following reasons, we will affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶ 2} On December 4, 2020, Humphrey was indicted in Montgomery C.P. No. 2020 CR 3714 on six counts of having weapons while under disability. The charges in that indictment arose as a result of the execution of a search warrant. On December 21, 2020, Humphrey was indicted in Montgomery C.P. No. 2020 CR 3896 on six counts of murder with firearm specifications, six counts of felonious assault with firearm specifications, and two counts of having weapons while under disability. The charges in that indictment stemmed from a triple homicide that occurred on the evening of November 24, 2020. As part of the homicide investigation, a search warrant was executed at a home associated with Humphrey in the early morning hours of November 25, 2020. Among other things, $4,690 in cash was recovered, which had been bundled together in stacks with rubber bands similar to ones found at the location of the homicides. Additionally, a 2008 Buick Lacrosse registered in Humphrey's name was confiscated. Humphrey was found guilty as charged in both Case No. 2020 CR 3896 and Case No. 2020 CR 3714. Humphrey appealed both convictions, which we affirmed on direct appeal in *State v. Humphrey*, 2023-Ohio-1834 (2d Dist.).

{¶ 3} On June 23, 2023, Humphrey filed a petition for post-conviction relief in addition to several other related motions. The trial court overruled his motions on July 25, 2023, and Humphrey timely appealed. While this appeal was pending, Humphrey filed a motion on April 2, 2024, requesting the return of certain items of property that had

been confiscated by police following the execution of search warrants in Case No. 2020 CR 3896: $4,690 in U.S. currency and a 2008 Buick Lacrosse, including the keys and title of the vehicle, which had also been confiscated.

{¶ 4} On April 25, 2024, the trial court overruled Humphrey's motion for the return of items. The trial court noted that the court had previously ordered the return of the 2008 Buick Lacrosse on June 9, 2022. As for the cash, the trial court found that, pursuant to R.C. 2981.11, property seized pursuant to a search warrant and in the custody of law enforcement shall be kept by that agency until the time it is no longer needed as evidence or for another lawful purpose. Because an appeal was pending related to the underlying criminal case, the trial court declined to return the items, because it was "not clear at this time that the items Mr. Humphrey seeks are no longer needed as evidence or for another lawful purpose."

{¶ 5} Humphrey filed a timely appeal and raises two assignments of error.

## II. Vehicle

{¶ 6} In his first assignment of error, Humphrey argues that he was not made aware back in June 2022 that the court had released his vehicle. According to Humphrey, because he was sentenced on June 1, 2022, and the trial court issued a decision granting the release of his vehicle on June 9, 2022, he had no way of knowing of the decision in order to make arrangements to have it picked up.

{¶ 7} The record reflects that Humphrey was sentenced to prison on May 12, 2022. On May 23, 2022, Humphrey filed a motion for the return of his property, which specifically requested the 2008 Buick Lacrosse. Thus, by the time Humphrey filed his motion, he

had already been sentenced to prison. Humphrey's motion stated that "Defendant is in custody therefore it is requested that an individual of Defendant's choosing be permitted to retrieve his property." Motion for Return of Property (May 23, 2022). On June 9, 2022, the trial court issued a decision granting Humphrey's motion for the release of the 2008 Buick Lacrosse.

{¶ 8} Although Humphrey complains of the lack of notice of the trial court's June 9, 2022 decision, Humphrey makes no argument that the trial court's April 25, 2024 judgment was made in error in that respect. "When an appeal is taken from a final judgment, only the judgment appealed from is brought before the appellate court, and upon review, the appellate court will affirm, modify or reverse the judgment appealed from." (Citations omitted.) *In re J.L.*, 2016-Ohio-5649, ¶ 19 (2d Dist.). Accordingly, only the April 25, 2024 judgment is before this court. As the party assigning error, Humphrey has the burden of affirmatively demonstrating the error on appeal and substantiating his arguments in support of his assignment of error. "In order to justify the reversal of a judgment . . . , the record must show affirmatively, not only that error intervened, but that it was to the prejudice of the party seeking to take advantage of it." *Smith v. Flesher*, 12 Ohio St.2d 107 (1967), paragraph one of the syllabus. Here, Humphrey has not argued that the trial court erred in finding that it had previously ordered the return of the 2008 Buick Lacrosse. Absent any error, we must affirm the trial court's order with regard to the Buick Lacrosse.

{¶ 9} Humphrey's first assignment of error is overruled.

### III. U.S. Currency

{¶ 10} In his second assignment of error, Humphrey argues that the State was not permitted to keep the money that was confiscated during the execution of the search warrants, because there was neither a forfeiture specification in the underlying criminal case nor a civil forfeiture proceeding instituted.   Humphrey argued in his motion for the return of property that the money had no evidentiary value in any further proceedings because he had been tried, convicted, and sentenced.

{¶ 11} In its decision, the trial court declined to release the money at issue.   The trial court relied on R.C. 2981.11(A)(1) and the fact that, at the time the trial court rendered its decision, Humphrey had an appeal pending related to his petition for post-conviction relief.

{¶ 12} The money at issue here was lawfully seized pursuant to a search warrant. "Property seized under a warrant shall be kept for use as evidence by the court which issued the warrant or by the law enforcement agency which executed the warrant." Crim.R. 41(D)(1).   R.C. 2981.11(A)(1) requires that any property seized pursuant to a search warrant or otherwise lawfully seized "and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code."   "Although the foregoing statute 'is part of the law of forfeiture, it is applicable to any property seized in the execution of a search warrant and held prior to its final disposition.' "   *State v. Patton*, 2014-Ohio-3000, ¶ 6 (2d Dist.), quoting *State v. Bates*, 2012-Ohio-1397, ¶ 14 (6th Dist.).   "If an item is potentially needed for evidence or for some other lawful purpose, it may be held.

Alternatively, if the item is no longer needed, it may be returned or otherwise disposed." *Bates* at ¶ 14. In other words, "[t]he trial court has discretion to permit the State to retain control over the seized property if it is being held for the reasons set forth in R.C. 2981.11(A)(1)." *State v. Bolton*, 2017-Ohio-8903, ¶ 16 (2d Dist.), citing *State v. Rivera*, 2014-Ohio-742, ¶ 6 (6th Dist.), and *Patton* at ¶ 6.

{¶ 13} Here, there is no indication that the money was unlawfully seized, and, therefore, the police department was required to safely keep the money until it was no longer "needed as evidence or for another lawful purpose." R.C. 2981.11(A)(1). Humphrey went to trial and challenged his conviction in both a direct appeal and a petition for post-conviction relief. At the time Humphrey filed his post-conviction motion for the return of property, the direct appeal of his petition for post-conviction relief was still pending.[1] Had Humphrey been successful, there was a possibility the evidence would have been needed for a retrial. *Rivera* at ¶ 8-9. Under these circumstances, we cannot conclude that the trial court abused its discretion in denying Humphrey's motion for the release of property.

{¶ 14} Humphrey's second assignment of error is overruled.

## IV. Conclusion

{¶ 15} Having overruled both assignments of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

---

[1]That appeal is no longer pending. On August 2, 2024, this court affirmed the judgment of the trial court denying his petition for post-conviction relief. *State v. Humphrey*, 2024-Ohio-2934 (2d Dist.). Humphrey's application for reconsideration of that decision was denied on October 11, 2024.

EPLEY, P.J. and HUFFMAN, J., concur.