[Cite as *Cleveland v Kirby*, 2025-Ohio-1663.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,                    :

      Plaintiff,                    :

                                     No. 114670

      v.                    :

BRITTNY KIRBY,                    :

      Defendant-Appellee.                    :

[Appeal by the State of Ohio]                    :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED
**RELEASED AND JOURNALIZED:** May 8, 2025

---

Criminal Appeal from the Cleveland Municipal Court
Case No. 2024-CRA-010631

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Matthew W. Moretto and Daniel T. Van, Assistant Prosecuting Attorneys, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, *for appellee.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1} This cause came to be heard on the accelerated calendar pursuant to App.R. 11.1 and Loc.App.R. 11.1. Appellant the State of Ohio ("State") appeals the

judgment of the Cleveland Municipal Court granting appellee Brittny Kirby's ("Kirby") motion for return of property following dismissal of the case against her. The State raises one assignment of error for our review:

> The trial court abused its discretion and committed reversible error by ordering the return of property, without a hearing, in law enforcement custody which the appellant intended to use in a re-trial.

{¶ 2} After a thorough review of the applicable law and facts, we reverse the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} The record in this matter is sparse, but we are able to glean the following: A complaint was filed against Kirby charging her with murder. Soon thereafter, in open court, the State moved to dismiss the charge, which the court granted. Kirby then orally moved for the return of property that had been seized upon her arrest, to wit: a firearm and $9,900 in cash.

{¶ 4} The following exchange occurred:

> PROSECUTOR: Well, your Honor, although the case has been dismissed as a felony, my understanding is that it's going to be prosecuted at the lower level so I think it's too early to release those items, as they're part of the case.

> DEFENSE COUNSEL: We just want to make a record, your Honor.

> THE COURT: Make a record that $9,900 and the gun will not be returned to Miss Kirby.

> DEFENSE COUNSEL: Yes.

> THE COURT: And you're requesting to have that returned.

> DEFENSE COUNSEL: Your Honor, we will delete the gun.

. . . .

COURT: The Court's going to put, as far as the Clerk is concerned, the $9,900 need[s] to be returned. I'll put it in my notes. You'll get a copy of it.

. . .

COURT: You can get a copy of the J.E. my notes is [sic] to return the [$]9[,]900. Get a copy of it, see if that will work out.

She's not being prosecuted yet.

You're saying she maybe [sic].

PROSECUTOR: She will, your Honor.

And the State will object.

THE COURT: Okay.

. . . .

THE COURT: The State's objection is noted.

. . . .

{¶ 5} The court subsequently entered an order dismissing the charges and noting the return of the $9,900 to Kirby. The State then filed the instant appeal.

## II. Law and Analysis

{¶ 6} In its sole assignment of error, the State argues that the court abused its discretion by ordering the return of money to Kirby without a hearing when the State asserted that it intended to use the money as evidence in future proceedings.

{¶ 7} At the time Kirby moved for the return of her property, the court had granted dismissal and there were no other charges pending against her.

Accordingly, Kirby's motion must be considered under R.C. 2981.03(A)(4). This statute provides:

> A person aggrieved by an alleged unlawful seizure of property may seek relief from the seizure by filing a motion in the appropriate court that shows the person's interest in the property, states why the seizure was unlawful, and requests the property's return. If the motion is filed before an indictment, information, or a complaint seeking forfeiture of the property is filed, the court shall schedule a hearing on the motion not later than twenty-one days after it is filed . . . . If the property seized is not titled or registered under law, the person shall demonstrate by a preponderance of the evidence that the seizure was unlawful and that the person is entitled to the property . . . .

{¶ 8} The State does not dispute that Kirby's motion fell under this statute and argues that the court was therefore required to hold a hearing on the motion. Kirby maintains that a hearing was, in fact, held because the trial court heard from both sides in open court before granting the motion.

{¶ 9} It is true that the court allowed both sides the opportunity to argue the motion. Assuming arguendo that this limited exchange constituted a hearing under the statute, we cannot find that Kirby met her statutory burden. Under R.C. 2981.03(A)(4), Kirby was required to demonstrate by a preponderance of evidence that the money was unlawfully seized and that she was entitled to the property. Kirby presented no evidence, let alone a preponderance, to establish either prong. Accordingly, Kirby did not demonstrate that she was entitled to the return of the money under R.C. 2981.03(A)(4).

{¶ 10} We further determine that the money was lawfully retained by the State. A law enforcement agency's authority to retain property, even after dismissal of a case, is derived from R.C. 2981.11(A)(1), which provides:

> Any property that has been lost, abandoned, stolen, seized pursuant to a search warrant, or otherwise lawfully seized or forfeited and that is in the custody of a law enforcement agency shall be kept safely by the agency, pending the time it no longer is needed as evidence or for another lawful purpose, and shall be disposed of pursuant to sections 2981.12 and 2981.13 of the Revised Code.

{¶ 11} This statute is written very broadly. "[I]f an item is potentially needed for evidence or for some other lawful purpose, it may be held. Alternatively, if the item is no longer needed, it may be returned or otherwise disposed." *State v. Metz*, 2019-Ohio-3370, ¶ 9 (8th Dist.), citing *State v. Bates*, 2012-Ohio-1397, ¶ 14 (6th Dist.).

{¶ 12} Kirby asserts that the State did not articulate on the record what future charges she might face, when prosecution would occur, and what connection existed between the potential future charges and the money seized; however, she does not cite any authority mandating that such information be presented before property may be retained.

{¶ 13} The State argues that "the trial court knew that the State intended to submit this case [to] the Grand Jury for re-indictment in the Court of Common Pleas . . . ." As noted above, the record contains only the brief statements by counsel for the State that Kirby "will" be "prosecuted" further, that it was his understanding that the prosecution would be "at the lower level," and that the money seized was "part

of the case." Kirby contends that these "bare assertions" made by the prosecutor were insufficient to justify the continued retention of the money.

{¶ 14} In support of her argument, Kirby cites *In re Seizure of Approximately $20,000 United States Currency*, 2017-Ohio-1452 (8th Dist.). In this case, the trial court's decision to return property to the defendant was affirmed by this court where the State had only asserted that an investigation was ongoing and that the alleged suspect was a person of interest, without presenting any evidence of a current ongoing investigation.

{¶ 15} This case is distinguishable from the matter at hand. In *Seizure of $20,000,* the money was seized from an alleged suspect during a consensual search relating to a murder investigation. However, no charges were ever filed against the alleged suspect. Here, a complaint had been filed against Kirby and the prosecutor maintained that, following dismissal of the original charge, she would be prosecuted again. Moreover, the timing involved in both cases is vastly different. In *Seizure of $20,000*, the alleged suspect moved for the return of the money after no charges had been brought for approximately seven months after the seizure of the funds; in the instant matter, Kirby sought the return of the money mere minutes after the State's motion to dismiss was granted.[1]

{¶ 16} The *Seizure of $20,000* Court noted the difference between that case and cases where "the record established more than a remote possibility of further

---

[1] At oral arguments, counsel for the State acknowledged that Kirby had been indicted for the murder on April 11, 2025.

litigation in which the evidence would be needed." *Id*. at ¶ 18. *See State v. Rivera*, 2014-Ohio-742 (6th Dist.) ("[B]ecause appellant continues to challenge the validity of his convictions, there is a possibility that the seized property might need to be used as evidence in a future retrial."); *Bates,* 2012-Ohio-1397 (6th Dist.) (trial court acted within its discretion in denying the defendant's motion for return of his property where the State had advised that the seized property was being held for evidence related to an ongoing investigation and that assertion was "essentially unchallenged").

{¶ 17} Here, Kirby was charged with murder, but the State dismissed the charge and advised the court that it planned to pursue other charges. Kirby did not challenge the State's assertion, and the record does not reflect any facts or circumstances at the time of the dismissal that would have prevented the State from indicting Kirby for murder or other charges in the future. Thus, under R.C. 2981.11, the State was permitted to retain the property until it was no longer needed as evidence or for another lawful purpose.

{¶ 18} The trial court erred in granting Kirby's motion to return property, and the State's sole assignment of error is sustained.

{¶ 19} Judgment reversed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
WILLIAM A. KLATT, J.,* CONCUR

(*Sitting by assignment: William A. Klatt, J., retired, of the Tenth District Court of Appeals.)